Robert William JOHNSON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 982S349.

Supreme Court of Indiana.

Dec. 22, 1983.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Robert William Johnson, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was originally charged with six counts: Count I—Murder in the First Degree; Count II—Kidnapping; Count III—Aggravated Assault & Battery; Count IV—Perjury; Count V—Murder in the Second Degree; and Count VI—Commission of a Crime While Armed with a Deadly Weapon. On February 23, 1978, the state agreed to forego prosecution on Counts I, II, and IV, in exchange for petitioner's plea of guilty to Counts III, V, and VI. Petitioner was given concurrent sentences of one to five years, life, and fifteen years.

On July 14, 1978, Johnson petitioned the Madison Superior Court for post-conviction relief and for a change of judge. This latter motion was granted and on June 26, 1980, the post-conviction relief hearing was held before the Clinton Circuit Court. At the conclusion of the hearing, both parties were ordered to submit written briefs, and after a consideration of the briefs, the court denied Johnson's petition on January 7, 1982. This appeal followed raising several issues involving the voluntariness of the guilty plea.

Petitioner first contends that his guilty plea was not knowingly, intelligently, and voluntarily made because he was not informed of the minimum possible sentences for two of the offenses charged. After a careful consideration of the record, we agree that his guilty pleas must be reversed on two counts. The record shows that the court correctly advised petitioner that the possible penalty for the aggravated assault and battery charge was an indeterminate term of imprisonment of not less than one nor more than five years. The court also advised him that the maximum possible penalty for murder in the second degree was life imprisonment and that the maximum possible penalty for commission of a crime while armed with a deadly weapon was thirty years. However, the court inadvertently failed to advise him of the possible minimum penalties for these two offenses which would have been fifteen years and ten years, respectively.

This court has consistently held that strict compliance with Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.) (now repealed and re-enacted as Ind.Code § 35–35–1–2 (Burns 1983 Supp.)) is demanded of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given. *Davis v.*

*State*, (1983) Ind., 446 N.E.2d 1317; *Early v. State*, (1982) Ind., 442 N.E.2d 1071; *German v. State* (1981) Ind., 428 N.E.2d 234. The trial judge is specifically required to advise the defendant of the maximum and minimum possible sentences for the offenses charged. Ind.Code § 35–4.1–1–3(d) (Burns 1979 Repl.) (Repealed). (Re-enacted as § 35–35–1–2(a)(3)) (Burns 1983 Supp.).

 While it is true that the court does not have to use any particular language in carrying out the mandate of the statute and the entire record should be considered in determining whether the statutory requirements were met, the record must affirmatively show compliance with the statute in advising the defendant at the time of the guilty plea. *McCann v. State*, (1983) Ind., 446 N.E.2d 1293; *Romine v. State*, (1982) Ind., 431 N.E.2d 780; *Mathis v. State*, (1980) Ind., 406 N.E.2d 1182; *Laird v. State*, (1979) 270 Ind. 323, 385 N.E.2d 452. The record in this case fails to disclose that the trial court advised petitioner on the possible minimum sentences for two of the charges.

The statute covering the crime of murder in the second degree under which defendant was charged states:

"Murder—Second degree.—Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison not less than fifteen [15] nor more than twenty-five [25] years."

Ind.Code § 35–1–54–1 (Burns 1975). The statute covering the crime for commission of a crime while armed with a deadly weapon states:

"Commission of or attempt to commit crime while armed with deadly weapon. —Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon

conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years."

Ind.Code § 35–12–1–1 (Burns 1975). Here, the court clearly failed to advise petitioner of the minimum penalties provided by these statutes and therefore, failed to meet an absolute prerequisite to the acceptance of petitioner's guilty pleas. *Davis v. State*, 446 N.E.2d 1321; *Ricketts v. State*, (1981) Ind.App., 429 N.E.2d 289.

The state acknowledges that petitioner was not advised of the minimum sentences for the two offenses but argues that this technical violation of the statute should be considered harmless since petitioner had bargained for and received specific sentences on those offenses. We have consistently held that the trial court has an obligation to insure that a guilty plea is knowingly and voluntarily made and the fact that a plea agreement has been reached does not remove the court from its obligation. *German v. State*, 428 N.E.2d 236.

Although a petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction proceeding, Ind.R.P.C. 1, § 5, the submission of a silent guilty plea record in conjunction with a petition for post-conviction relief satisfies the burden. *Greer v. State*, (1981) Ind., 428 N.E.2d 786; *Turman v. State*, (1979) 271 Ind. 332, 392 N.E.2d 483. The post-conviction court erred in determining that the record was sufficient to support a finding that the guilty pleas were knowingly, voluntarily and intelligently made for the offenses of murder in the second degree and commission of a crime while armed with a deadly weapon. Accordingly, the guilty pleas for those two offenses must be vacated. However, we find no error on this issue in the acceptance of the guilty plea for aggravated assault and battery. We therefore will consider other issues raised by petitioner which are relevant to the acceptance of this plea.

 Petitioner argues that the court failed to establish the factual basis upon

which to accept the guilty plea for the offense of aggravated assault and battery as required by the statute. The record shows that the court questioned petitioner about the charge of aggravated assault and battery and specifically asked him if he understood that by pleading guilty to the charge he was admitting the truth of all the material facts set forth in the charging information. The petitioner answered yes and the court continued:

"Q. Okay. Mr. Jonson, will you tell me in your own words what you did to cause these charges to be filed against you?

"A. Why I—, I really don't know how to relate to that. I really don't understand the question.

"Q. Okay.

"JUDGE: The State of Indiana, do you wish to establish the crime or do you wish to do it by questioning of the—

"MR. LAWLER: Me?

"JUDGE: Yes sir.

"MR. LAWLER: I'll be glad to do it, Your Honor.

"JUDGE: Okay."

The prosecutor then stated the specific facts which were the basis for the charge.

We have consistently held that when a defendant states that he understands the nature of the crime charged and understands that by entering his plea he is admitting the truth of the matters contained within the criminal information, those admissions are sufficient to establish a factual basis for his plea. *Lombardo v. State*, (1981) Ind., 429 N.E.2d 243; *Lloyd v. State*, (1979) 270 Ind. 227, 383 N.E.2d 1048. There was sufficient evidence here to show that the court established a factual basis for the guilty plea.

■ Petitioner next argues that he was not properly informed that he was waiving his right to a speedy trial by jury as required by the statute. However, the record shows that the trial court did advise defendant of all of his constitutional rights at the beginning of the guilty plea hearing including his right to a "public and speedy trial." Furthermore, the guilty-plea pro-

ceeding was conducted after the *voir dire* of the jury had been completed, so petitioner was well aware of this right. Although the court did not repeat the advisement of petitioner's right to a speedy trial immediately preceding the acceptance of the guilty plea on Count III, there is sufficient evidence in the record to show that petitioner was adequately informed of this right. *Garringer v. State*, (1983) Ind., 455 N.E.2d 335.

■ Petitioner finally contends that the court did not properly inform him that the court was not a party to any agreement made between the prosecutor and the defense and was not bound by any such agreement. The record shows that the court advised petitioner as follows:

"Q. Mr. Johnson, I further have to advise you that the plea agreement as you're entering into here today is only advisory to the Court. After I have accepted your plea here today I will order a presentence investigation. If after reading the presentence investigation I decide not to accept the plea agreement then at that time you can withdraw your plea of guilty, your former plea of not guilty will be entered and these matter here held today will not be a matter of record. Do you understand that?

"A. Yes, I do."

While this is not the exact language of the statute, it was sufficient to convey the required knowledge that the court was not bound by the plea agreement and could either accept or reject it. The court's statement clearly showed that the acceptance of the plea was tentative and ineffective without further proceedings of the court, even though its terms had been agreed to by the defense and the prosecution. Petitioner was given the advice required by our statute. *DeVillez v. State*, (1981) Ind., 416 N.E.2d 846.

The record in this case does provide a sufficient basis to support the conclusion that petitioner was meaningfully informed of his rights regarding Count III, Aggravated Assault and Battery, and the judgment of the trial court on that count should be

affirmed. The record further shows, however, that the trial court failed to adequately advise him of the possible minimum sentences for the offenses of murder in the second degree and commission of a crime while armed with a deadly weapon. Therefore, the post-conviction court erred in determining that the guilty pleas were knowingly, voluntarily and intelligently made for those two offenses and the judgment on Count V and Count VI must be reversed. This cause is remanded with instructions to vacate the guilty pleas on Counts V and VI, permit petitioner to enter pleas of not guilty, and set the matter for trial.

Judgment affirmed in part and reversed in part with instructions.

DeBRULER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent.