Donald SNYDER, Appellant,

v.

STATE of Indiana, Appellee.

No. 284S59.

Supreme Court of Indiana.

Nov. 19, 1986.

Susan K. Carpenter, Public Defender, William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant entered a plea of guilty to two (2) counts of Robbery and one (1) count of Attempted Robbery, all Class B felonies. He was sentenced to concurrent fifteen (15) year terms of imprisonment.

On September 30, 1980, appellant was charged with Robbery. Two days later he was charged with Robbery and Attempted Robbery. On October 6, appellant filed a Motion to Have Psychiatric Examination and Evaluation, which was granted the following day. The court appointed two psychiatrists, who examined appellant and submitted reports in which both concluded he was competent to stand trial.

On March 17, 1981, appellant filed a plea bargain agreement in which he agreed to enter a plea of guilty to the three charges and the State recommended concurrent ten (10) year sentences. A guilty plea hearing was conducted on that date. On April 20, the trial judge, the Honorable Hugh D. McQuillan, rejected the plea agreement. A second plea agreement was then filed on June 23. The judge accepted that plea and sentenced appellant in accordance with the terms of the agreement.

Appellant filed a *pro se* post-conviction petition on January 10, 1983, alleging that he was denied effective assistance of counsel and that his sentence was unreasonable. The court summarily denied the petition on July 5. On September 2, appellant filed a motion to correct error and also filed a motion to reconsider asking the court to hold an evidentiary hearing on the issues set forth in his petition. Oral argument was heard on the motions and the court granted the motion to reconsider and permitted appellant to amend his post-conviction petition. The subsequently filed amended petition was also summarily denied.

Appellant claims the trial court erred in accepting his guilty plea because the court failed to make a proper determination of his competency to stand trial. He argues that based on facts known by the court, it was compelled under the applicable statute to conduct a hearing to determine whether he was competent.

The statute provided:

"If at any time before the final submission of any criminal case to the court or jury trying the same, the court, either from its own knowledge or upon the suggestion of any person, has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability. The court shall appoint two [2] competent disinterested psychiatrists, who shall examine the defendant for the purpose of forming an opinion as to whether the defendant has that ability and shall testify concerning the same at the hearing." Ind.Code § 35–5–3.1–1(a) (repealed and recodified at Ind.Code § 35–36–3–1(a)).

A defendant's right to a competency hearing is not absolute. A hearing is required by the statute and by due process only when there is evidence creating a reasonable doubt as to the defendant's competency. *Pate v. Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Goodman v. State* (1983), Ind., 453 N.E.2d 984. The decision whether to hold a competency hearing is made within the discretion of the trial court, particularly where, as in the instant case, no petition for a hearing was filed. *Hadley v. State* (1986), Ind., 496 N.E.2d 67; *Goodman, supra.*

Two psychiatrists were appointed to examine appellant. Both concluded he was competent to stand trial. Appellant did not object to the psychiatrists' reports or attempt to schedule a hearing prior to filing his plea bargain agreement. *See Hadley, supra.* Under these circumstances, the trial court did not abuse its discretion by not *sua sponte* ordering a competency hearing. *Montague v. State* (1977), 266 Ind. 51, 360 N.E.2d 181.

Appellant contends the trial court abused its discretion in rejecting the first plea agreement.

On March 17, 1981, appellant submitted a plea bargain agreement. At a hearing conducted that day, the trial judge advised appellant concerning the consequences of entering a plea of guilty, the rights he was waiving and the range of possible sentences. The judge informed appellant that the court was not a party to the agreement and would not be bound by it.

On April 20, an order was entered indicating the judge would not accept the plea agreement. In a colloquy with defense counsel, the judge stated in essence that he had a problem with appellant's answers at the guilty plea hearing about his use of alcohol and drugs and was concerned appellant would later attempt to have the plea set aside on the basis that his plea was involuntary due to the ingestion of drugs.

█ Appellant argues the judge disregarded his answers to the effect that while he had a history of consumption of alcohol and drugs, he was not under the influence of either at the time he entered his plea of guilty. He argues that the judge therefore had no basis for rejecting his plea and that the judge, by stating improper and inaccurate reasons for not accepting the plea, abused his discretion.

█ We cannot agree. A criminal defendant has no absolute right to have a guilty plea accepted and a trial judge may reject a plea in the exercise of sound judicial discretion. *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; *Stroud v. State* (1983), Ind., 450 N.E.2d 992. In *Meadows v. State* (1981), Ind., 428 N.E.2d 1232, this Court found that the trial court's rejection of a proffered plea bargain without stating specific reasons did not evidence an abuse of the court's discretion. We concluded that when a trial court, after complying with the guilty plea statute and taking evidence on the factual basis for the plea, rejects a plea bargain, we will presume that the

court has properly evaluated the propriety of accepting it. *Id.* at 1235.

Appellant contends the trial judge failed to advise him prior to accepting his plea of guilty of any possible increased sentence by reason of the fact of a prior conviction or convictions, as required by Ind.Code § 35–4.1–1–3(d) (repealed and recodified at Ind.Code § 35–35–1–2(a)(3)). Raising this issue for the first time on appeal, he asserts that the omission of the advisement constitutes fundamental error.

█ In reviewing a guilty plea this Court will examine the entire record, including the written plea agreement, the transcript of the sentencing and any further evidence presented at the post-conviction hearing. *White v. State* (1986), Ind., 497 N.E.2d 893. The record here reveals that appellant was in fact meaningfully informed by the trial judge of the possibility of an enhanced sentence by reason of his prior convictions. Further, appellant does not contend that he did not understand that possibility or that the alleged omission of the statutory advisement in any way affected his decision to plead guilty. *Id.* His claim of fundamental error is thus without merit.

Appellant's final contention is that the post-conviction court erred in summarily denying his original *pro se* petition. He argues that his allegation of ineffective assistance of counsel, namely counsel's alleged failure to advise him of the defense of voluntary intoxication, raised an issue of material fact necessitating an evidentiary hearing.

Under Ind.R.P.C.R. 1, § 4(e), if the pleadings conclusively show that the post-conviction petitioner is not entitled to relief, the court may deny the petition without further proceedings. *Robinson v. State* (1986), Ind., 493 N.E.2d 765.

Appellant relies on *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422, in which it was held that the trial court erred in summarily denying the post-conviction petition because specific instances of lack of diligence on the part of trial counsel were alleged, thus raising material factual

issues requiring an evidentiary hearing. The appellate courts have remanded for an evidentiary hearing in other cases involving allegations of ineffective assistance of counsel. *See, e.g., Sherwood v. State* (1983), Ind., 453 N.E.2d 187; *Tooley v. State* (1973), 156 Ind.App. 636, 297 N.E.2d 856.

Under the circumstances presented here, however, we do not deem a remand for an evidentiary hearing to be necessary. Although the court summarily denied the original petition, at the hearing on appellant's motion to correct error and motion to reconsider the court permitted oral argument "about the likelihood of having some arguable merit to the PCR petition." While the issues of the competency hearing and the rejection of the initial plea bargain agreement were extensively argued, the issue of ineffective assistance of counsel was not raised. On appeal, appellant does not assert that he was precluded from arguing the merits of his ineffectiveness claim at that time.

Appellant is in effect claiming his guilty plea was involuntary and unintelligent because he was unaware of the defense of voluntary intoxication prior to making the decision to enter a plea of guilty. In *Hill v. Lockhart* (1985), 474 U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203, the United States Supreme Court held that the two-part test set out in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 applies to challenges to guilty pleas based on ineffective assistance of counsel. The second part of the *Strickland* test, the "prejudice" requirement,

> "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill, supra* at ——, 106 S.Ct. at 370, 88 L.Ed.2d at 210.

Beyond the general allegation in the petition that he was an alcoholic and as a consequence was suffering from "mental illness," appellant did not allege any specific facts indicating that he was so intoxicated at the time he committed the offenses that he could not form the requisite criminal intent. Nor did he allege that had he known of the possibility that he could have presented evidence at trial on the element of *mens rea* he would not have pled guilty.

In its order denying the petition, the trial court concluded that there is no defense of voluntary intoxication, although in some cases a person may be so intoxicated as to be unable to form the requisite intent. That conclusion is correct. *See Terry v. State* (1984), Ind., 465 N.E.2d 1085. Appellant had an opportunity to bring before the court specific facts concerning his intoxication at the time of the offenses, but he did not do so. We therefore find the trial court did not err by not conducting an evidentiary hearing.

The trial court is in all things affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.