**William COX, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 46A03–8807–CR–210.**

Court of Appeals of Indiana, Third District.

Nov. 23, 1988.

William Janes, Michigan City, Robert J. Beckman, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

William Cox brings this interlocutory appeal challenging the trial court's order va-

cating his guilty plea. This appeal raises four issues which we consolidate and restate as:

Whether the trial court erred in *sua sponte* vacating Cox's guilty plea.

We reverse.

On October 30, 1987, Cox was charged by information with murder. On April 29, 1988, he entered a guilty plea to the charge of voluntary manslaughter. However, after being advised of his rights he withdrew his plea of guilty. On May 20, 1988, the State filed an amended information charging Cox with robbery, a class B felony. After an assurance from the trial court that he would be sentenced to ten (10) years, Cox pled guilty to the charge of robbery. The trial court accepted the plea and set sentencing for June 17, 1988. On June 9, 1988, the trial court determined that Cox had not voluntarily and understandingly entered his guilty plea. On its own motion, the trial court vacated the plea and set the cause for jury trial.

█ Cox argues the trial court had no authority to vacate the plea because judgment had already been entered. Cox contends that the trial court sentenced him at the May 20th hearing and thus was not authorized to vacate the guilty plea. We do not agree with Cox's premise that the trial court sentenced him on May 20th. He relies on the following exchange:

THE COURT: Has anybody promised you anything other than what was discussed here today? Just a few minutes ago.

DEFENDANT: Just that I'd get 10 years, do five.

THE COURT: Okay. And I will assure that that's what's going to happen. I'm ordering it. How old are you?

(R. 59–60.)

However, taken in context of the entire hearing, we cannot conclude that the trial court was ordering the sentence at that time nor that the parties believed sentencing was being ordered. Subsequent to the above, the following exchange occurred:

THE COURT: Now then, and finally, do you understand that if the court accepts your plea, which it already has, we'll proceed with judgment and sentence?

DEFENDANT: Yes, sir.

THE COURT: Okay, we will order a presentence investigation and set sentencing for—

PROBATION OFFICER: June 17th.

(R. 61.)

The defense did not object to a sentencing date of June 17th. Thus, there is no issue whether the trial court erred in vacating the plea after judgment was entered.

█ The issue is what power does the trial court have to vacate a guilty plea without the consent of the defendant. The decision to permit the withdrawal of a guilty plea rests within the sound discretion of the trial court. *Patton v. State* (1987), Ind., 517 N.E.2d 374, 376. Thus, a trial court does have the power to set aside an accepted guilty plea prior to judgment. *Id.* Furthermore, the trial court has the power and duty to set aside a guilty plea on its own motion when the defendant at a capital sentencing hearing denies the element of intent, and the trial court abuses its discretion when it fails to do so. *Id.* This holding stems from the requirement that a guilty plea cannot be accepted when the defendant pleads guilty and maintains his innocence at the same time. *Id.; Ross v. State* (1983), Ind., 456 N.E.2d 420, 423. Patton did not plead guilty and maintain his innocence at the same time, but he did contradict his admission of guilt at the sentencing hearing. The court held that the principle of *Ross* must apply to the sentencing hearing in a capital case.

In reaching this conclusion, the court cited: Annot., *Power or Duty of State Court, Which Has Accepted Guilty Plea, To Set Aside Such Plea on Its Own Initiative Prior to Sentencing or Entry of Judgment*, 31 A.L.R.4th 504 (1984). The cases cited in the annotation for the proposition that the trial court does have the power to set aside a guilty plea on its own motion gave approval where there was evidence in the record that the defendant's plea was not entered voluntarily, intelligently and knowingly. *Id.*

Thus, if there is evidence in the record indicating that Cox did not enter his plea of guilty voluntarily, intelligently and knowingly, we will affirm the trial court's order vacating the guilty plea. The trial court entered its order on the basis that Cox did not "voluntarily, and understandingly enter a plea of guilty." (R. 18.) The trial court's entry does not indicate why Cox's plea was not voluntary. We have reviewed the record, including the transcript of the guilty plea hearing and can find no evidence that the guilty plea was not entered voluntarily, intelligently, and knowingly. Cox was advised of the rights he would be giving up, he admitted the necessary facts to establish each element of robbery, a class B felony, and he clearly entered the guilty plea on the assurance of the trial court[1] that he would receive a ten-year sentence. After entering

his plea, Cox did not at any time make a statement contradicting his admission of guilt. Consequently, on the record before us, we must conclude that the trial court abused its discretion by vacating the guilty plea on its own motion.

The trial court's order is reversed with instructions to reinstate the plea of guilty and enter judgment consistent with this opinion.

RATLIFF, C.J., and HOFFMAN, J., concur.

---

1. The question arises whether the trial court is bound by a ten-year sentence. Generally, a trial court is bound by a plea agreement once it accepts that agreement. *Griffin v. State* (1984), Ind., 461 N.E.2d 1123. However, the agreement must be in writing to be enforceable. *Hughes v. State* (1987), Ind.App., 508 N.E.2d 1289, 1304. There is no dispute in this case that the State and Cox did not enter a written plea agreement recommending a ten-year sentence. However, the trial court itself assured Cox that he would receive a ten-year sentence. Relying on this assurance, Cox pleaded guilty. The State never objected to the trial court's assurance of a ten-year sentence. Although a trial court is not bound by an oral recommendation made by the State, where the trial court accepts a guilty plea based on its own assurance of what the sentence will be, the trial court is bound by that sentence.