Glenn K. SPENCER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 37A03–9307–CR–243.

Court of Appeals of Indiana,
Third District.

May 11, 1994.

Brent Westerfield, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

Glenn K. Spencer appeals his convictions for battery, criminal confinement, criminal mischief, auto theft, resisting law enforcement and operating a motor vehicle after having been determined to be an habitual traffic violator and asks us to enforce an earlier plea agreement which was rejected by the trial court. We affirm Spencer's convictions.

On the evening of July 18, 1990, Spencer, armed with a knife, confronted his estranged wife and her boyfriend. Spencer forced his wife to leave with him in his car, releasing her during the early morning hours of July 19, 1990. Later that morning, Spencer stole a car from an uninvolved third party in Monon, Indiana. He was later arrested and charged with two counts of battery, two counts of criminal mischief, and one count each of criminal confinement, trespass, theft, auto theft, resisting law enforcement, and operating a motor vehicle after having been determined to be an habitual traffic offender. Of these charges, four were felonies and six were misdemeanors.

Before trial, Spencer entered into a plea agreement with the State. Under the terms of the agreement, Spencer would plead guilty to theft and auto theft, the State would dismiss the remaining charges, and Spencer would be sentenced to three years in prison. In addition, the State agreed that it would not object to any future hearing on the merits of modification issues and that it would dismiss a pending petition to revoke probation. At the guilty plea hearing, the court questioned Spencer to determine that he was acting knowingly and voluntarily and that a sufficient factual basis for the plea existed, and then entered Spencer's plea of guilty to theft and auto theft and judgment of conviction upon the findings of guilt. The trial court advised Spencer that it was not a party to the agreement and that by accepting his guilty plea and entering judgment of conviction the court was not accepting the plea agreement. The court informed Spencer that it would decide whether to accept or reject the plea agreement after the sentencing hearing and the opportunity to review the presentence report. Spencer was also instructed that, in the event that the court did not accept the plea agreement, the former pleas of not guilty would be reinstated and the judgment of conviction would be vacated. Spencer made no objection to this procedure.

At the sentencing hearing, Spencer's wife testified regarding the incident. The trial judge concluded that there was a dispute of facts and that under the circumstances the plea agreement was unreasonable, and he refused to accept the plea agreement. Spencer was subsequently tried and convicted by a jury, and he now timely appeals.

Spencer's sole claim of error on appeal is that the trial court abused its discretion in rejecting the plea agreement and vacating Spencer's guilty plea at the sentencing hearing, after it had previously accepted Spencer's guilty plea and entered a judgment of conviction at the guilty plea hearing. We find no error.

A trial judge may reject a guilty plea in the exercise of sound judicial discretion. *Snyder v. State* (1986), Ind., 500 N.E.2d 154, 157 (citations omitted). When a trial court, after complying with the guilty plea statute and taking evidence on the factual basis for the plea, rejects a plea bargain, we will presume that the court has properly evaluated the propriety of accepting it. *Id.* (citation omitted).

Spencer argues that, by accepting Spencer's guilty plea, the court was bound to accept the plea agreement, despite the fact that the court specifically stated that by accepting the plea of guilty and entering judgment of conviction on the plea, it was not thereby accepting the plea agreement. It is true that once a trial court accepts a plea agreement it is bound by the terms that are within the court's power to grant. Ind.Code § 35–35–3–3(d); *Roe v. State* (1992), Ind.App., 598 N.E.2d 586, 588. However, we do not agree with Spencer that acceptance of a guilty plea binds the court to accept the plea agreement.

It is important to recognize the distinction between the acceptance of a plea of guilty, on the one hand, and the acceptance of the terms of a plea bargain, on the other hand. *Meadows v. State* (1981), Ind., 428 N.E.2d

1232, 1234. In *Meadows,* the supreme court also noted that a defendant has no absolute right to have a guilty plea accepted, and that his right to acceptance of a plea bargain is subject to even broader discretion. *Id.* at 1235.

In *Johnson v. State* (1983), Ind., 457 N.E.2d 196, the trial court accepted the defendant's guilty plea and ordered presentence investigation. The judge advised the defendant that, if after the presentence investigation he decided not to accept the plea agreement, the defendant could withdraw his plea and the former not guilty plea would be reinstated. The supreme court held the language used was sufficient to convey that the court was not bound by the agreement and could either accept or reject it: "The court's statement clearly showed that the acceptance of the plea was tentative and ineffective without further proceedings of the court, even though its terms had been agreed to by the defense and the prosecution." *Id.* at 199. The court voiced no concerns over the method used by the trial court in entering the guilty plea before accepting the plea agreement.

▮ In the case at bar, Spencer was clearly advised that the court was not accepting the plea agreement at the time Spencer entered his guilty plea. Spencer was also informed that, if the court did not accept the plea agreement, the judgment of conviction would be vacated and the plea of not guilty would be reinstated for each count. Spencer was also advised that, if the court accepted the plea agreement, the parties and the court would be bound by the terms of the agreement. As acceptance of a guilty plea is separate from acceptance of a plea agreement, and as the court clearly advised Spencer it had not accepted the plea agreement, we conclude that acceptance of Spencer's guilty plea and the entry of a judgment of conviction did not bind the court to accept the plea agreement.

▮ Spencer also argues that Ind.Code § 35–35–1–2, which lists the statutory requirements concerning advice to be given to a defendant before the acceptance of a guilty plea, supports his position:

(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

. . . .

(4) has been informed that if:

(A) there is a plea agreement as defined by IC 35–35–3–1; and

(B) the court accepts *the plea;* the court is bound by the terms of the plea agreement.

I.C. § 35–35–1–2(a)(4) (emphasis added). Spencer maintains that the emphasized language in this section means that once a court accepts a guilty plea it is bound by the terms of the plea agreement. However, in *Bartzis v. State* (1987), Ind.App., 502 N.E.2d 1347, 1349, we interpreted this section differently: "[I.C. 35–35–1–2(a)(4) ] requires that before a court can accept a guilty plea, the defendant must be informed that if there is *a plea agreement which the court accepts,* then the court is bound by the agreement's terms." *Bartzis,* 502 N.E.2d at 1349 (emphasis added). The supreme court similarly interpreted this same provision in *Reffett v. State* (1991), Ind., 571 N.E.2d 1227: "[I.C. 35–35–1–2(a)(4) ] prohibits the court from accepting a plea agreement unless the defendant is first told that the court will be bound to the agreement upon its acceptance." *Id.* at 1229. Thus, construing the statute as a whole, we conclude that the logical interpretation of this section is that it requires the court to advise the defendant that, if it accepts the plea agreement, it is bound by the terms of the agreement.

We further find Spencer's reliance upon both *Bartzis* and *Reffett* to be misplaced, as in both cases the court had clearly accepted both the guilty plea and the plea agreement before rescinding its acceptance. We similarly find the reasoning of *Cox v. State* (1988), Ind.App., 530 N.E.2d 328, to be inapplicable to Spencer's case.

In *Cox,* the trial court accepted the defendant's guilty plea and then vacated the plea on its own motion, having determined that the defendant did not voluntarily and understandingly enter his guilty plea. However, in *Cox* the defendant and the State had not entered a written plea agreement. *Id.* at 330

n. 1. We concluded that, where a trial court accepts a guilty plea based on its own assurance of what the sentence will be, the trial court is bound by that sentence. *Id.* at 330. Thus, as the separate step of accepting a written plea agreement was not implicated in *Cox,* we find it inapplicable to the case at bar.

Judgment affirmed.

HOFFMAN and KIRSCH, JJ., concur.