**Edward BEECH, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 984S368.

Supreme Court of Indiana.

Nov. 26, 1986.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of rape, a class A felony, I.C. § 35–42–4–1. The trial court tried the case without a jury. Appellant received a sentence of thirty years.

He raises two issues on appeal: (1) whether there was sufficient evidence to support his rape conviction; and, (2) whether his thirty year sentence was manifestly unreasonable due to the existence of mitigating circumstances.

I

Appellant argues that there was insufficient evidence to support his rape conviction. Specifically, he claims the victim's testimony was inconsistent as to the appellant's name and as to the type of knife used during the rape. Furthermore, he claims the State failed to prove that the offense occurred in Marion County.

In reviewing sufficiency claims, we do not weigh the evidence nor resolve questions of credibility, but we look to that evidence and the reasonable inferences therefrom which support the verdict. *Glover v. State* (1970), 253 Ind. 537, 255 N.E.2d 657. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Fair v. State* (1969), 252 Ind. 494, 250 N.E.2d 744.

Here is the evidence from the record which supports the determination of guilt. The alleged victim, Felecia Hester, testified at trial and expressly stated on direct examination that on August 17, 1983, she was at her residence at 2012 North Adams, Indianapolis, Marion County, Indiana. She had fallen asleep with her baby beside her. Appellant awakened her by sticking a knife

to her neck. She saw appellant holding the knife to her neck. She recognized appellant as someone she knew called "Edward" and "Baldy". She saw him earlier that evening at a party. He began to pull her underpants down, and while doing so, he leaned on the baby and caused the baby to cry. She asked him not to hurt the baby. He told her that he would not hurt the baby if she would be quiet. Subsequently, he ordered her on the floor, and he forcefully had sexual intercourse with her. He held the knife at her neck during the entire attack. Afterwards, he pulled her gown over her face, and then he went out the back door. She raised herself up from the floor, and she saw him come back in the residence and then leave again. Thereafter, she looked in the kitchen for a knife to take with her while she checked on her children. She noticed that a knife she had used earlier in the day was missing. She realized that the missing knife was the one which appellant used during the attack.

When the police arrived, she described appellant as wearing a dark t-shirt and a pair of blue jeans. She also told them appellant had a gold or silver earring in his left ear. When the police arrested appellant, they found him near a dark t-shirt and a pair of blue jeans. Appellant had a gold earring in his left ear.

She went to a hospital, and a medical examination revealed that sperm was present on her person.

She identified appellant in a photographic array and in court. The gist of appellant's argument is that inconsistencies in her testimony, when coupled with his alibi evidence, rendered the evidence insufficient. He claims she described the knife as a steak knife at trial, but she described it as a butcher knife in a statement to the police. Furthermore, he claims that she named her assailant as "Anthony" to a Deputy Prosecutor, and yet identified appellant at trial.

Appellant's argument demands that this court judge the credibility of the victim's testimony and reweigh the evidence. This an appellate tribunal cannot do. It is clear that the State presented evidence from which a rational trier of fact could conclude beyond a reasonable doubt that appellant raped the victim and that the rape occurred in Marion County, Indiana.

## II

Appellant argues his thirty year sentence was manifestly unreasonable due to the existence of mitigating circumstances. He cites his age of seventeen years and his lack of a significant prior criminal record as mitigating circumstances.

The trial court found the appellant guilty of Rape, while armed with a deadly weapon, a class A felony, and it sentenced him to thirty years. The penalty for a class A felony is found in I.C. § 35–50–2–4:

"A person who commits a class A felony shall be imprisoned for a fixed term of thirty (30) years with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,-000)."

Here, the trial court imposed the presumptive sentence of thirty years.

"It is well settled that when the trial court imposes the basic sentence for an offense, this Court will assume that it considered the factors listed in § 35–4.1–4–7(a) (now I.C. § 35–38–1–7). *Page v. State* (1981), Ind., 424 N.E.2d 1021; *Keys v. State* (1979), Ind., 390 N.E.2d. 148.

*Warner v. State* (1983), Ind., 455 N.E.2d 355. It is clear that the trial court considered the presentence report and that the trial court was aware of appellant's age and criminal record. However, the trial court was also aware of the appellant's character and the circumstances of the offense. Consequently, we cannot say that no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. The sentence cannot be set aside as being manifestly unreasonable. See Ind.R.App.Rev Sen. 2.

The conviction and sentence are affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.