**Keith PATTON, Appellant
(Defendant Below),**

**v.**

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1284S488.

Supreme Court of Indiana.

Dec. 30, 1987.

L. Craig Turner, Boberschmidt, Miller, O'Brien & Turner, P.A., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stephenson, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Though this case presents several death penalty questions, the threshold issue before us is whether a trial court should proceed to enter sentence upon a guilty

plea in a capital case when the defendant denies any intent to kill at the sentencing hearing.

Keith Patton appeals his conviction in CR83–232D for murder, Ind.Code § 35–42–1–1(1) (Burns 1985 Repl.), and rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1985 Repl.). The trial court sentenced Patton to death. In a related action, CR84–050D, the trial court sentenced Patton to 132 years. In both causes Patton pled guilty.

The facts relevant to the issue show that on October 21, 1983, Patton and Leroy Johnson discussed plans to commit a robbery. During the early evening hours, they visited friends and consumed 80 ounces of beer between them. Around midnight the two youths walked into Washington Park in Indianapolis, both armed with shotguns. They approached a white station wagon, which was parked and unoccupied. Patton and Johnson saw another car, a maroon one, farther away and headed for it.

Patton approached the maroon car on the driver's side. He shot out the driver's window and told the driver, Michael Pack, to give up. Pack tried to start the car. Johnson, who was on the passenger's side, shot the rear tire. Patton's second shot killed Pack, and Patton yelled at the occupants to get out. D.M. opened the passenger's door and got out. D.M.'s young daughter was still in the car screaming. Under Patton's order, D.M. left her daughter in the car. Patton and Johnson took D.M. to a wooded area of the park. Patton raped D.M. while Johnson went through her pockets looking for money. As will appear later, Patton both admitted and denied some of these facts.

Patton pled guilty to the murder of Michael Pack and to the other charges. The transcript of the guilty plea hearing reveals the trial court read him the information. It alleged that Patton had knowingly killed Michael Pack. The judge asked Patton if he wanted to admit the facts as true. Patton said yes. The trial court informed Patton of the rights he was waiving and questioned him on the range of penalties

for murder and each class of felony. Then the prosecutor read the affidavit of probable cause. The judge asked Patton if the facts were true. Patton said, "Yes, this is true." The trial court accepted the facts and entered conviction.

At the sentencing hearing, however, Patton testified he did not intend to kill Pack. He said the windows of the car were misted, it was dark, and he did not know anybody was in the car. He walked up to the driver's side, told Johnson, "Watch this," and fired into the car. He stepped toward the front of the car and fired again. Only then, he testified, did he hear anybody inside the car. When asked directly whether he intended to kill Pack, Patton responded, "No, I did not."

 A brief review of the law governing guilty pleas provides a starting point for our analysis. A guilty plea is an admission of guilt; it admits the incriminating facts alleged. *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501. Because a guilty plea is a judicial admission that obviates the need for a trial, guilty pleas should be cautiously received. The more serious the offense, the more cautious a trial court should be. Consistent with the nature of guilty pleas, Indiana courts are not allowed to accept guilty pleas from defendants who claim innocence. "[A] plea of guilty tendered by one who in the same breath protests his innocence ... is no plea at all." *Id.* at 621, 115 N.E.2d at 502.

Two subsequent decisions created confusion within the state on the issue. The United States Supreme Court found no constitutional error in a trial court accepting a plea of guilty containing protestations of innocence from a defendant who intelligently concluded that his best interest required entry of a guilty plea and the record contained strong evidence of guilt. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). An evenly divided Indiana Supreme Court initially expressed, in dictum, approval of the *Alford* approach. *Boles v. State* (1973), 261 Ind. 354, 303 N.E.2d 645 (2–2 decision).

When a majority of the Court addressed the issue again ten years later, Chief Jus-

tice Givan stated Indiana law clearly: "We hold, as a matter of law, that a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error." *Ross v. State* (1983), Ind., 456 N.E.2d 420, 423.

A requirement that a guilty plea manifest an unqualified admission of guilt does not exalt form over substance. It implements fundamental notions of due process essential to the fair and just administration of criminal law. It protects a defendant's right to require proof of his guilt before a jury. It also obviates a collateral attack on a judgment by a later claim the plea was too equivocal to bind the pleader and permit entry of judgment. For these reasons, we prohibit trial courts from accepting guilty pleas from people who maintain their innocence.

The *Ross* rule, by its language, applies only to defendants who plead guilty and maintain their innocence at the same time. Patton did not protest his innocence at the same time as he pled guilty, but he did firmly contradict his admission of guilt at the sentencing hearing. Although the plea and contradiction were separate in time, the principle of *Ross* must apply to the sentencing hearing in a capital case.

A trial court has the power to set aside an accepted guilty plea prior to entry of judgment. For example, the decision to permit the withdrawal of a guilty plea rests within the sound discretion of the trial court. *Centers v. State* (1986), Ind., 501 N.E.2d 415, 419. In a capital case, a trial court abuses its discretion when it fails to set aside a guilty plea when the defendant denies criminal intent at sentencing. A trial court has the power and duty to set aside an accepted guilty plea on its own motion at a capital sentencing hearing when the defendant denies the intent to murder. *See* Annot., *Power or Duty of State Court, Which Has Accepted Guilty Plea, To Set Aside Such Plea on Its Own Initiative Prior to Sentencing or Entry of Judgement*, 31 A.L.R.4th 504 (1984).

A trial court must exercise the greatest caution when accepting a guilty plea in a capital case. Although the evidence would have supported a guilty plea if Patton had admitted guilt, Patton's denial of any intent to kill Pack vitiates the guilty plea insofar as the murder conviction.

The State may seek a death sentence for murder when the defendant intentionally killed the victim during the commission of another serious crime. Ind.Code §§ 35–50–2–9(a), 35–50–2–9(b)(1). The State alleged Patton intentionally killed Pack and sought the death penalty. We affirm today the judgment in another case in which a defendant admitted the crime and contested the aggravating circumstance which made him eligible to be put to death. *Van Cleave v. State*, 517 N.E.2d 356 (Ind.1987). By contrast, Patton's position at the sentencing hearing constituted a denial that he committed the crime charged.

The trial court should set aside a guilty plea when the defendant denies that he knowingly killed the victim. In Indiana we will not execute people who plead guilty and then protest innocence at their sentencing hearing. When the trial court heard Patton's claim of innocence, it should have set the matter for trial. The way to resolve the factual questions raised by Patton at sentencing is through submission to a trier of fact.

We note Patton pled guilty to attempted murder in the related cause, CR84–050D. On direct appeal Patton did not challenge his convictions in CR84–050D. His sentence of 132 years on those charges stands.

The murder conviction in CR83–232D is reversed and the cause remanded for trial on that charge and sentencing on the rape charge.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.