**STATE of Indiana on the Relation of Keith PATTON, Relator,**

v.

**The SUPERIOR COURT OF MARION COUNTY and the Honorable Patricia J. Gifford, Judge Thereof, Respondents.**

No. 49S00–8904–OR–294.

Supreme Court of Indiana.

Dec. 6, 1989.

Robert J. Hill, Jr., Bowman, Emery & Hill, Indianapolis, for relator.

David F. McNamar, Steers, Sullivan, McNamar & Rogers, Indianapolis, for respondents.

PIVARNIK, Justice.

Defendant Patton petitioned for Writ of Mandate and Prohibition directed to The Honorable Patricia J. Gifford, Regular Judge of the Superior Court of Marion County, Criminal Division Room 4. He challenged the assertion of jurisdiction by Judge Gifford, claiming that Judge Z. Mae Jimison, Presiding Judge of Marion Superior Court, Criminal Division Room 6, was the appropriate judge to preside over his cause.

Following a hearing on this matter, a majority of this Court denied issuance of

the Writ. We affirm that denial by this writing.

This situation results from a somewhat unusual placement of a case from one court to another which might be described, for want of a better term, as a hybrid of a transfer and an appointment of a special judge.

In 1984, Keith Patton faced a murder charge in Criminal Court 4, presided over by Judge Gifford. On June 1 of that year David McNamar, acting as judge *pro tempore,* issued an order transferring this cause from Criminal Court 4 to Criminal Court 6. Apparently the reason for this arrangement was that Judge Gifford had declined to grant a continuance of the cause and the parties were desirous of entering into a plea agreement. Judge Alsip had agreed to take the case, accept the plea agreement and give the parties time to prepare for sentencing. Judge Alsip was the regular judge of Criminal Court 6 at that time and accepted transfer of the case. The agreement pursuant to transfer was that Patton would plead guilty to all counts. If Patton elected not to plead guilty as charged, or if the plea was not completed for any reason, the parties agreed that the transfer would be null and void and that a jury trial would proceed on June 4, 1984, in Criminal Court 4. Pursuant to the agreement, Judge Gifford entered an order appointing Judge Alsip as Special Judge in the matter. Patton signed a guilty plea agreement which was filed with Judge Alsip, who accepted the plea agreement. On July 31, 1984, Judge Alsip sentenced Patton to death. After Patton initiated an appeal, this Court granted the State's Motion to Remand for purposes of having Judge Alsip make a *nunc pro tunc* entry regarding sentencing which was to include all aggravating and mitigating factors he had taken into account in pronouncing sentence.

· Subsequently, this Court reversed Patton's murder conviction and remanded for trial on that charge and sentencing on the rape charge. *Patton v. State* (1987), Ind., 517 N.E.2d 374. A certified copy of the opinion was sent to Criminal Court 6 and Judge Alsip. At that time Judge Alsip was no longer judge of Criminal Court 6 and had been replaced by Judge Jimison. Judge Jimison determined the case should go back to Judge Gifford's court since that was where the cause was originally filed. Judge Gifford assumed jurisdiction on October 17, 1988.

Patton filed an objection to the assumption of jurisdiction by Judge Gifford and Criminal Court 4 and a hearing on this issue was held on February 10, 1989. In denying the motion objecting to jurisdiction, Judge Gifford found that the agreement of the parties did not contemplate transferring the cause to Judge Alsip for trial. She found the limited purpose of the transfer was for the taking of the guilty plea and sentencing, and the parties stipulated that in the event the guilty plea was not completed for whatever reason, they would agree the motion to transfer would be null and void. The plea was completed, of course, but this Court reversed the conviction and ordered the cause set for trial. Judge Gifford found that by the agreement, none of the parties contemplated the case was to be tried before Judge Alsip or the stipulation would not have been entered into and Judge Alsip would not have accepted it. Since Judge Alsip had completed his limited involvement in the case, he was no longer the Special Judge and jurisdiction was in Criminal Court 4.

Patton argues that this is a transfer from Room 4 to Room 6 and therefore Judge Gifford of Room 4 lacks authority to assume jurisdiction over the cause. Patton cites IC 34-2-11-3, which provides:

Whenever a special judge has been designated in any action, cause or proceeding, and the special judge so designated is the duly elected qualified and acting judge of a circuit, superior or probate court in such county having jurisdiction of the subject matter of said action, cause or proceeding, the regular judge of the court in which said action, cause or proceeding is pending may, after the designation of such special judge, with the consent of said special judge, transfer said action, cause or proceeding to the

court presided over by said special judge by transferring all original papers and instruments filed in such action, cause or proceeding, without further transcript thereof, to be redocketed and *disposed of as if originally filed* with the court to which said action, cause or proceeding is transferred. [Emphasis added.]

Patton then continues that if the case is deemed originally filed in Criminal Court Room 6 pursuant to the statute, then that court has jurisdiction to the exclusion of any other equal or coordinate court. *See State ex rel. McClure v. Marion Superior Court* (1959), 239 Ind. 472, 476, 158 N.E.2d 264, 266. The problem is that this cause was not transferred to Room 6 as contemplated by the statute. The cause remained docketed in Room 4 and carried the same Room 4 docket number and designation throughout proceedings presided over by Judge Alsip. This would indicate a procedure making Judge Alsip, at most, a Special Judge in Criminal Division Room 4 since the case was never redocketed in Criminal Division Room 6. It is also notable that Rule 26(A) of the Marion County Rules of Practice and Procedure of the Municipal Court Civil Divisions allows for the transfer of cases where the receiving judge agrees to the transfer. There is no comparable rule in the criminal divisions.

If, in turn, this is to be seen as appointment of a special judge, such appointment here does not appear to be within the guidelines of the trial rules or the local rules of Marion County. The appointment of a special judge for the limited purpose of accepting a guilty plea is unusual and not provided for in any of those rules. This does not, however, invalidate the orders entered by Judge Alsip. Since all of the parties, including Patton, agreed to the appointment of Judge Alsip and his jurisdiction and submitted to it, any error in the procedure was waived. *Bivins v. State* (1985), Ind., 485 N.E.2d 89, 92. All parties agreed Judge Alsip was to have the limited involvement of accepting the guilty plea and sentencing and he did that. The agreement further expressly provided the case would revert to Criminal Division Room 4 for a trial of the cause in the event

that accepting the plea and sentencing was not or could not be completed by Judge Alsip. It is obvious the parties did not contemplate the circumstances that arose here by sentence being pronounced and reversed on appeal ordering a new trial on the murder charge and a resentencing on the rape charge. Even though Judge Alsip's appointment as special judge did not follow established procedure, the judgment entered in the limited area for which he took jurisdiction is binding on the parties since he was a *de facto* judge and the parties submitted to his jurisdiction. His appointment as special judge over the entire case, however, cannot be recognized.

Since Relator Patton has failed to show a lack of jurisdiction in Judge Gifford as regular judge of Criminal Court Room 4 by either transfer or appointment of a special judge, the writ is denied.

SHEPARD, C.J., and DeBRULER, and GIVAN, JJ., concur.

DICKSON, J., dissents without separate opinion.