Edward **BEECH,** Appellant–Petitioner,

v.

**STATE** of Indiana, Appellee–Respondent.

No. 49A05–9802–PC–90.

Court of Appeals of Indiana.

Dec. 17, 1998.

---

Susan K. Carpenter, Public Defender of Indiana, John T. Ribble, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Edward Beech appeals from the denial of his Successive Petition for Post–Conviction Relief and his Motion to Correct Erroneous Sentence.

We reverse and remand with instructions to dismiss.

### ISSUES

The parties present several issues for review, which we restate as:

1. Whether the trial court improperly entertained jurisdiction over Beech's successive petition for post-conviction relief.

2. Whether the trial court erred when it denied Beech's motion to correct erroneous sentence.

### FACTS AND PROCEDURAL HISTORY

In August of 1983, Beech was charged with Rape as a Class A felony. In March of 1984,

he entered a guilty plea to Rape as a Class B felony. The plea agreement recommended that Beech be sentenced to an executed term of eighteen years. The court ascertained Beech's guilt, established the factual basis for the plea, accepted the plea and the plea agreement, and entered judgment of conviction. The court then continued the matter pending receipt of the pre-sentence report. At the sentencing hearing, the trial court learned from the report that Beech claimed to be innocent. Beech then informed the court that he was innocent, that he had pled guilty to avoid a lengthy sentence and that he did not want to proceed to trial. On its own motion, the court then set aside Beech's plea and scheduled the case for trial. Following a bench trial, Beech was found guilty of Rape as a Class A felony and was sentenced to an executed term of thirty years.

Beech's conviction was affirmed on direct appeal. *Beech v. State*, 500 N.E.2d 205 (Ind. 1986). In 1990, Beech filed a petition for post-conviction relief, which was denied by the trial court, and we affirmed that decision on appeal. *Beech v. State*, 49A04–9001–PC–30 (Ind.Ct.App. Dec. 12, 1990), *trans. denied.* He then filed a successive petition for post-conviction relief ("original SPCR") in 1993. However, Beech moved to withdraw the original SPCR in 1994, and the court dismissed the petition.

On July 30, 1997, Beech moved the trial court for leave to reinstate and amend his original SPCR ("amended SPCR"). He also filed a motion to correct erroneous sentence. Both alleged that the trial court had erred when it had set aside Beech's guilty plea. The court granted Beech's motion to reinstate and amend his original SPCR, but denied both requests for relief. This appeal ensued.

## DISCUSSION AND DECISION

### I. Jurisdiction

 In defending this appeal, the State contends that the trial court erred when it exercised jurisdiction over Beech's amended SPCR. Specifically, the State argues that Beech failed to obtain leave from this court, as required by Indiana Post–Conviction Rule 1(12), before filing his amended SPCR with the trial court. We agree.

Effective January 1, 1994, prisoners desiring to pursue successive petitions for post-conviction relief were required to obtain leave from either the supreme court or the court of appeals before filing a petition for post-conviction relief in the trial court. *State ex rel. Woodford v. Marion Superior Court,* 655 N.E.2d 63, 65 (Ind.1995). Beech filed his amended petition in 1997 without obtaining such leave. Beech was not authorized to circumvent the post-conviction rules now in effect by seeking "reinstatement" of his original SPCR. The trial court had dismissed Beech's original petition in 1994 and, thus, there was nothing to "reinstate." Beech's amended SPCR is actually a new filing and must be treated as such. *Long v. State,* 679 N.E.2d 981 (Ind.Ct.App.1997) (petition filed after initial petition that was dismissed without prejudice is treated as new filing). Accordingly, the trial court erred when it entertained jurisdiction over Beech's "amended" petition.

### II. Motion to Correct Erroneous Sentence

Next, Beech contends that the denial of his motion to correct erroneous sentence, which alleged the same claim as his amended SPCR, is reviewable on appeal and should be reversed.

 As previously stated, Beech's motion to correct erroneous sentence alleged that the trial court erred when it set aside, on its own motion, Beech's guilty plea. Beech contends that the court's action contravened Indiana Code § 35–35–3–3(d) (now Indiana Code § 35–35–3–3(e)), which provides that a court is bound by the terms of an accepted plea agreement. He relies upon a line of cases which holds that a trial court, upon accepting a defendant's plea, is obligated to sentence the defendant according to the terms of the plea agreement. *See Reffett v. State,* 571 N.E.2d 1227 (Ind.1991); *Lee v. State,* 652 N.E.2d 113 (Ind.Ct.App.1995); *Steele v. State,* 638 N.E.2d 1338 (Ind.Ct.App. 1994).

In the leading case, *Reffett v. State,* 571 N.E.2d at 1228, the trial court accepted Reffett's plea and plea agreement and set the case for sentencing. Upon learning of Reffett's criminal history from the presentence

report, the court revoked its acceptance of the agreement to avoid the sentencing terms contained therein. *Id.* Eventually, Reffett entered into another agreement, involving a longer sentence, which the court accepted. *Id.* In a motion to correct erroneous sentence, Reffett argued that the trial court was bound by the terms of the first plea agreement. *Id.* Our supreme court agreed and held that upon accepting the first agreement, the trial court was bound by its terms. *Id.* at 1230; *see also Lee,* 652 N.E.2d at 114 and *Steele,* 638 N.E.2d at 1339–40 (by accepting plea, court implicitly accepts plea agreement and is, thus, bound by its terms).[1]

Here, unlike in *Reffett,* the trial court set aside the plea, not the plea agreement, in order to protect Beech's substantive rights, a significant distinction. Although related, a plea agreement is distinct from the underlying plea. The trial court's contractual obligations with respect to the agreement are separate and apart from its statutory and constitutional obligations with respect to the plea itself. *See* IND.CODE §§ 35–35–1–1 to 35–35–1–3 (procedure for receiving and accepting guilty plea); *Butler v. State,* 658 N.E.2d 72, 75 (Ind.1995) (because guilty plea constitutes waiver of constitutional rights, trial court has duty to evaluate validity of every plea before accepting it). A valid guilty plea is a necessary predicate to the plea agreement. Thus, the line of cases cited by Beech is inapposite where, as here, the trial court set aside the plea rather than the plea agreement.

Instead, we find persuasive another line of Indiana cases discussing a trial court's duty or, depending on the circumstances, its discretion to reject a guilty plea because of the defendant's assertion of innocence. Based on the principles articulated in those cases, we conclude that the trial court in the present case was authorized, although not required, to set aside Beech's guilty plea.

Indiana has long insisted that a trial court cannot accept a guilty plea from a defendant who contemporaneously maintains his innocence. In *Harshman v. State,* 232 Ind. 618, 621, 115 N.E.2d 501, 502 (1953), our supreme court stated:

> As we view it, a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly, it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandably made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation.

Several decades later, in *Ross v. State,* 456 N.E.2d 420 (Ind.1983), the supreme court reaffirmed its holding in *Harshman* and stated that "a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error." *Id.* at 423.

The *Ross* decision came in the wake of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in which the United States Supreme Court held that a court may accept what have been referred to as "best interest" pleas. The Court explained that "while most pleas of guilty consist of both a waiver of trial and express admission guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty." *Id.* at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. The Court acknowledged that the individual States were not prevented from barring its courts from accepting guilty pleas from defendants who assert their innocence. *Id.* at 38, n. 11, 91 S.Ct. at 168, n. 11, 27 L.Ed.2d at 171, n. 11.

The rule stated in both *Harshman* and *Ross* applies only to defendants who plead guilty and maintain their innocence at the

---

1. The court also held that Reffett's motion to correct erroneous sentence was a proper vehicle for his claim. *Reffett,* 571 N.E.2d at 1229. As noted by the court, such a motion may only be used when the defendant's sentence is erroneous on its face, i.e., when it violates express statutory authority. *Id.* (citing *Jones v. State,* 544 N.E.2d 492, 496 (Ind.1989)). Because Indiana Code § 35–35–3–3(d) (now § 35–35–3–3(e)) declares that a trial court is bound by the terms of an accepted plea agreement, the *Reffett* court concluded that "a sentence that violates the express terms of a plea agreement is ... facially erroneous, and may be attacked by a motion to correct erroneous sentence." *Id.*

same time. Nevertheless, in *Patton v. State,* 517 N.E.2d 374, 376 (Ind.1987), our supreme court extended the rule to defendants in capital cases who contradict their admission of guilt subsequent to the guilty plea hearing. The court explained:

> A trial court has the power to set aside an accepted guilty plea prior to entry of judgment. For example, the decision to permit the withdrawal of a guilty plea rests within the sound discretion of the trial court. *Centers v. State,* 501 N.E.2d 415, 419 (Ind. 1986). In a capital case, a trial court abuses its discretion when it fails to set aside a guilty plea when the defendant denies criminal intent at sentencing. . . .
>
> A trial court must exercise the greatest caution when accepting a guilty plea in a capital case. Although the evidence would have supported a guilty plea if Patton admitted guilt, Patton's denial of any intent to kill . . . vitiates the guilty plea insofar as the murder conviction.

*Id.*

*Patton* is limited by its language to capital cases, and subsequent cases have held that defendants in non-capital cases are not entitled to the same relief. For example, in *Bewley v. State,* 572 N.E.2d 541, 544 (Ind.Ct. App.1991), *trans. denied,* we held that a trial court, in its discretion, may decline to set aside a guilty plea in a non-capital case when the defendant maintains his innocence after the guilty plea has been accepted but prior to sentencing. *See also Ford v. State,* 618 N.E.2d 36, 39 (Ind.Ct.App.1993) (no factual issue existed regarding factual basis for plea where defendant in non-capital case denied his guilt after plea was accepted), *trans. denied; Harris v. State,* 671 N.E.2d 864, 869 (Ind.Ct.App.1996) (defendant in non-capital case who maintained his innocence during presentence interview and sentencing hearing, but after court had accepted guilty plea, was not entitled to have plea set aside), *trans. denied.*

Based on *Harshman* and *Ross,* the trial court in the present case would have been obligated to reject Beech's plea if, when entering the plea, he maintained his innocence. Under *Bewley,* it is also clear that the court would not have been obligated to set aside Beech's guilty plea had Beech, himself, so moved. However, the above-cited cases are distinguishable because they involve appellants who sought to have their guilty pleas set aside. Beech, in contrast, insists that his guilty plea be reinstated. Thus, the question remains whether the trial court erred when it set aside Beech's guilty plea on its own motion and over Beech's objection.

■ Indiana's long-standing disdain for "best interest" pleas, as expressed in *Harshman, Ross* and *Patton,* leads us to conclude that a trial court may, on its own motion, set aside a guilty plea if the defendant asserts his innocence after the plea has been accepted but prior to sentencing. As stated in *Patton:*

> A requirement that a guilty plea manifest an unqualified admission of guilt does not exalt form over substance. It implements fundamental notions of due process essential to the fair and just administration of criminal law. It protects a defendant's right to require proof of his guilt before a jury. It also obviates a collateral attack on a judgment by a later claim the plea was too equivocal to bind the pleader and permit entry of judgment. For these reasons, we prohibit trial courts from accepting pleas from people who maintain their innocence.

*Patton,* 517 N.E.2d at 376. A criminal defendant has no absolute right to have a guilty plea accepted, and a trial court may reject a plea in the exercise of sound judicial discretion. *Snyder v. State,* 500 N.E.2d 154, 157 (Ind.1986). Given the nature and importance of the rights at stake, we find no meaningful distinction between cases in which the trial court exercises its discretion when the guilty plea is first tendered and those in which the trial court sets aside an accepted plea based on the defendant's subsequent assertion of innocence. We have no doubt that many defendants plead guilty because they believe it to be in their best interest. However, any defendant who openly straddles the fence by declaring both his guilt and innocence when tendering a guilty plea, or at any point before sentencing, runs the risk that the trial court will reject or set aside the plea.[2]

---

**2.** Beech makes much of the fact that the trial court accepted his guilty plea and entered judg-

ment of conviction before reviewing the presen-

 Finally, we note the awkward procedural posture of this case. The State insists that Beech has waived consideration of the claim presented in his motion to correct erroneous sentence by having failed to raise it either on direct appeal or in his first petition for post-conviction relief. We agree. However, to reach that conclusion it was necessary to first address Beech's claim on the merits to the extent that he relies on our supreme court's holding in *Reffett.* The claim presented in that case, properly raised in a motion to correct erroneous sentence, amounted to a sentencing error not subject to waiver. *See Duncan v. State,* 514 N.E.2d 1252, 1253 (Ind.1987) (sentencing errors based on violations of any clear and express statutory authority are not subject to waiver and may be raised at any time). However, as we have discussed previously, this case differs from *Reffett* in that Beech's claim of error goes to his guilty plea, not to the plea agreement or to his sentence.

Beech makes a colorable, albeit unpersuasive, argument that his claim is controlled by *Reffett.* Having distinguished *Reffett* from the present case, we conclude that a motion to correct erroneous sentence was not the proper vehicle for Beech's claim. As stated in footnote 1, *supra,* the *Reffett* court held that a motion to correct erroneous sentence may be used to challenge a sentence that violates the express terms of an accepted plea agreement. Because the error alleged by Beech does not amount to a sentencing error, he has chosen the wrong vehicle to attack his conviction.

 However denominated, Beech's motion constitutes a successive petition for post-conviction relief. Accordingly, as in Issue One, *supra,* we conclude that the trial court lacked jurisdiction to consider Beech's motion. We agree that the trial court did not err when it set aside Beech's guilty plea, but having considered the various facets of Beech's appeal, we are obliged to reverse the judgment with instructions to dismiss

tence report, allegedly in contravention of Indiana Code §§ 35–35–3–3 and 35–38–1–8(a). The procedure outlined by those statutes prescribes how and when a court is to accept a plea agreement. However, it does not govern the entry and acceptance or rejection of the plea itself. Thus, regardless of the sequence of

Beech's SPCR and purported motion to correct erroneous sentence.

Reversed and remanded with instructions.

FRIEDLANDER and MATTINGLY, JJ., concur.

events, the court retained the authority to set aside Beech's guilty plea and the judgment of conviction at any point prior to sentencing. *Cf. Reffett,* 571 N.E.2d at 1230 (trial court that accepts plea agreement before considering presentence report is still bound by terms of agreement).