

FILED

Mar 12 2015, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

David Rosselot
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryan P. Stone

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 12, 2015

Court of Appeals Case No.
34A02-1410-CR-753

Appeal from the Howard Superior
Court
The Honorable William Menges,
Judge
Cause No. 34D01-1206-FA-532

**Bailey, Judge.**

# Case Summary

Bryan P. Stone ("Stone") was convicted after a jury trial of four counts of Dealing in Cocaine as a Class A felony,[1] and was adjudicated to be a Habitual Substance Offender.[2] He was sentenced to an aggregate term of imprisonment of forty-five years.

He now appeals. We reverse and remand with instructions.

# Issue

Stone presents two issues for our review. We find one of these dispositive, namely, whether the trial court abused its discretion when, after accepting a plea agreement between Stone and the State and entering judgment of conviction against Stone pursuant to the agreement, the trial court withdrew its acceptance of the plea agreement and ordered Stone to stand trial.[3]

# Facts and Procedural History

---

[1] Ind. Code § 35-48-4-1. The Indiana General Assembly amended the classification of criminal offenses effective July 1, 2014. We refer throughout our decision to the statutes in effect at the time of Stone's offenses.

[2] I.C. § 35-50-2-10.

[3] Because we find the first issue dispositive, we do not address Stone's second designated issue on appeal, whether his double-jeopardy rights under the Fifth Amendment were violated as a result of his trial after the court vacated his plea agreement.

[4] On two occasions on April 30, 2012, and once each on May 1 and May 16, 2012, at a location in Howard County, Stone delivered cocaine to another person.

[5] On June 16, 2012, Stone was charged with four counts of Dealing in Cocaine, as Class A felonies. On June 19, 2012, the State alleged that Stone was a Habitual Substance Offender.

[6] On April 25, 2014, Stone and the State entered into a plea agreement. Pursuant to the agreement, Stone pled guilty to four counts of Dealing in Cocaine, as Class B felonies. The State agreed to dismiss the Class A-felony charges and the Habitual Substance Offender enhancement. The agreement further provided that the State would recommend concurrent sentences of twenty years imprisonment for each offense, with fifteen years executed time (the last two of which were to be served on in-home detention) and with five years suspended to probation.

[7] Also on April 25, 2014, the trial court conducted a guilty plea hearing, during which Stone admitted to the offenses pursuant to the agreement. The trial court accepted the plea agreement, entered judgments of conviction against Stone for four counts of Class B-felony Dealing in Cocaine, and ordered a presentencing investigation.

[8] On July 2, 2014, a hearing was conducted as a result of Stone's failure to appear for a presentencing investigation. At the beginning of the (brief) hearing, the trial court *sua sponte* stated, "Show the plea agreement is rejected." (Tr. at 15.)

Stone objected that the trial court had already conducted a guilty plea hearing, accepted the plea agreement, and entered judgments of conviction. In response to the objection, the trial court reaffirmed its rejection of the plea agreement, reinstated Stone's prior plea of not guilty, and set dates for a pretrial conference and a jury trial. The trial court announced no rationale for its decision.

[9] During a pretrial hearing on September 5, 2014, Stone renewed his objection to the setting of a trial date. The State did not oppose going to trial, stating that Stone had failed to appear for a sentencing hearing. Stone's counsel corrected the record, representing to the court that Stone failed to appear for a presentencing investigation meeting as a result of miscommunication on the part of counsel, but the investigation was eventually completed. The trial court again reaffirmed its decision rescinding the plea agreement and opined that the rejection of the plea agreement worked no prejudice upon Stone. (Tr. at 20-21.)

[10] On September 8 and 9, 2014, a bifurcated jury trial was conducted. At the conclusion of the trial's first phase, Stone was found guilty of four counts of Dealing in Cocaine, as Class A felonies. At the conclusion of the second phase, the jury found as true the State's allegation that Stone was a Habitual Substance Offender.

[11] On October 1, 2014, a sentencing hearing was conducted. At the hearing's conclusion, the trial court entered judgments of conviction against Stone and sentenced him to forty years imprisonment for each count of Dealing in Cocaine, with the sentences run concurrent with one another, and ordered the

sentence enhanced by five years as a result of Stone's status as a Habitual Substance Offender.

[12] This appeal ensued.

# Discussion and Decision

[13] Stone appeals the trial court's decision that rejected his plea agreement and vacated judgments of conviction for Dealing in Cocaine, as Class B felonies, after the court had previously accepted the plea agreement.

[14] Whether to accept or reject a proffered plea agreement is within the discretion of the trial court. *Campbell v. State*, 17 N.E.3d 1021, 1023 (Ind. Ct. App. 2014). Once accepted, however, "If the court accepts a plea agreement, it shall be bound by its terms." I.C. § 35-35-3-3(e). In numerous cases, this Court and our Indiana Supreme Court have held that the binding nature of a court-accepted plea agreement prevents trial courts from revoking such agreements and vacating previously-entered judgments of conviction—even if the defendant has not yet been sentenced. *See, e.g.*, *Reffett v. State*, 571 N.E.2d 1227, 1229-30 (Ind. 1991); *Kline v. State*, 875 N.E.2d 435, 437 (Ind. Ct. App. 2007); *Roark v. State*, 829 N.E.2d 1078, 1080-81 (Ind. Ct. App. 2005); *Benson v. State*, 780 N.E.2d 413, 423 (Ind. Ct. App. 2002), *trans. denied*; *Lee v. State*, 652 N.E.2d 113, 114 (Ind. Ct. App. 1995); *Steele v. State*, 638 N.E.2d 1338, 1339-40 (Ind. Ct. App. 1994).

[15] Our appellate courts have on occasion, however, found trial courts to have discretion to rescind plea agreements even after judgments of conviction have

been entered. The State directs us to two such cases: *Beech v. State*, 702 N.E.2d 1132 (Ind. Ct. App. 1998), and *Campbell*, *supra*. In *Beech*, this Court affirmed the trial court's decision to rescind Beech's plea agreement where he stated during his sentencing hearing that he was actually innocent of the offense. 702 N.E. 2d at 1136. In *Campbell*, we affirmed a trial court's decision rescinding a plea agreement where the agreement had previously been accepted. 17 N.E.3d at 1025. Among the terms of the plea agreement in Campbell was a requirement that Campbell testify in subsequent trials against his co-defendants. *Id.* at 1024. We held that when Campbell failed to do so, he had violated the terms of the agreement, and the trial court was within its discretion to rescind the plea agreement and vacate Campbell's plea. *Id.* at 1024-25.

[16] Here, relying upon *Beech* and *Campbell*, the State claims that Stone's conduct in failing to attend the scheduled presentencing investigation was sufficient to permit the trial court to rescind the plea agreement. Yet both of the cases the State relies upon are inapposite. In *Beech*, this Court relied upon standing precedent that, in light of "Indiana's long-standing disdain for 'best interest' pleas," a claim of actual innocence affords trial courts discretion to rescind plea agreements. 702 N.E.2d at 1137. In *Campbell*, the defendant violated the express terms of the plea agreement, which required him to testify at trials of his co-defendants. 17 N.E.3d at 1024-25.

[17] In this case, Stone did not violate any of the express terms of the agreement, nor claim actual innocence. The State, recognizing this, contends that Stone's failure to appear and subsequent exposure to additional (and apparently yet-to-

be-adjudicated) criminal charges "produced a set of circumstances that had they existed at the time of the plea hearing could well have caused the trial court, in its discretion, to not have accepted the plea agreement in the first place." (Appellee's Br. at 8.) The State argues further that Stone's participation in the agreement "was a sham and … he did not intend to honor it," since his failure to attend the initial presentencing investigation meeting presumably indicates that he would freely violate probation and would commit new criminal offenses. (Appellee's Br. at 8-9.)

[18] While the trial court may have rejected a plea had Stone engaged in misconduct prior to his guilty plea hearing, the fact remains that Stone's purported misconduct occurred after he had admitted to four criminal offenses in open court. What the trial court may have done with other knowledge is not relevant here, as Indiana courts have held since *Reffet*. 571 N.E.2d at 1230. Further, the terms of the plea agreement here did not require Stone to satisfy all the terms of his probation, or seem likely to do so, lest the plea agreement be rescinded and the State take him to a jury trial. The terms of the plea agreement make no provision for this, and accepting the State's rationale on this point would risk rendering thousands of plea agreements void, even years later, as a result of probation violations.

[19] The trial court lacked authority to rescind the plea agreement, vacate Stone's convictions, and set the matter for trial. We accordingly reverse the judgment of the trial court, order it to enter judgments of conviction pursuant to the plea

agreement, and to sentence Stone within the discretion afforded to it by the plea agreement.

[20] Reversed and remanded.

Robb, J., and Brown, J., concur.