## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/31/2017, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott Ian McClendon,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 31, 2017

Court of Appeals Case No.
79A04-1703-CR-459

Appeal from the Tippecanoe
Superior Court

The Honorable Sean M. Persin,
Judge

Trial Court Cause No.
79D05-1608-F6-676

**Crone, Judge.**

# Case Summary

[1] Scott Ian McClendon appeals his four-year aggregate sentence after pleading guilty to level 6 felony conspiracy to commit theft and level 6 felony conspiracy to commit forgery. He claims that the trial court violated a 365-day sentence cap for the conspiracy to commit forgery count contained in his written plea agreement. Finding that his sentence on that count exceeded the cap contained in the original written plea agreement, that the parties and trial court intended to amend the plea agreement's sentence caps, but that the parties did not effectively amend the written plea agreement, we vacate McClendon's convictions and sentence and remand for proceedings consistent with this decision.

# Facts and Procedural History

[2] On April 13, 2015, McClendon drove Grace Wright from Chicago to West Lafayette. The two agreed that Wright would steal some purses and wallets from different Purdue University campus buildings and use the credit/debit cards to make purchases. Once on campus, McClendon remained in the vehicle while Wright stole purses and wallets containing credit cards, debit cards, and cash. Immediately thereafter, the two went to Lafayette area stores and restaurants, and McClendon stayed in the vehicle while Wright purchased more than $2000 in gift cards and merchandise using the stolen credit and debit cards. McClendon received a portion of the spoils.

[3]     The State charged McClendon with Count I, level 6 felony conspiracy to commit theft; Count II, level 6 felony conspiracy to commit forgery; Counts III through VII, five counts of level 6 felony forgery; and Count VIII, a habitual offender count.  McClendon initially pled not guilty and requested a jury trial. He subsequently filed a change of plea and entered into a written plea agreement in which he agreed to plead guilty to the conspiracy counts (Counts I and II) and two forgery counts (Counts III and IV), with the remaining counts to be dismissed.  The plea agreement capped the sentences for Counts I through IV at 730, 365, 365, and 365 days, respectively.  Tr. at 8.  At McClendon's December 2016 guilty plea hearing, the trial court established a factual basis for McClendon's guilty pleas.  Later in the hearing, the trial court addressed double jeopardy concerns regarding Counts III and IV and referenced the parties' intent to amend the sentence cap to a total of four years.  *Id*. at 20-21.  At the close of the hearing, the trial court took the plea agreement under advisement.

[4]     At the February 2017 sentencing hearing, the trial court entered judgment of conviction on Counts I and II, both as level 6 felonies, and dismissed Counts III and IV.  The court sentenced McClendon to two consecutive 730-day terms, with 545 days of each sentence to be served in the Department of Correction and the remainder to be served on unsupervised probation, with restitution as a condition.

[5]     McClendon now appeals.  Additional facts will be provided as necessary.

# Discussion and Decision

[6] McClendon maintains that the trial court violated his plea agreement when it imposed an aggregate four-year sentence, consisting of two consecutive 730-day terms, claiming that the plea agreement capped Count I at 730 days and Count II at 365 days. The State asserts that the trial court never accepted McClendon's original plea agreement and that the parties effectively amended the plea agreement to provide an aggregate four-year sentence cap.

[7] Plea agreements "are in the nature of contracts between the defendant and the State." *Berry v. State*, 10 N.E.3d 1243, 1246 (Ind. 2014). No plea agreement may be made by the prosecuting attorney to a court on a felony charge except in writing. Ind. Code § 35-35-3-3(a). The decision whether to accept or reject a proffered plea agreement is within the trial court's discretion. *Stone v. State*, 27 N.E.3d 341, 343 (Ind. Ct. App. 2015). "If the court accepts a plea agreement, it shall be bound by its terms." Ind. Code § 35-35-3-3(e). This includes any sentencing provisions included in the plea agreement. *See Jackson v. State*, 968 N.E.2d 328, 332 (Ind. Ct. App. 2012) ("Once the trial court accepts the plea agreement, it 'is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement.'") (citation omitted).

> If the plea agreement is not accepted, the court shall reject it before the case may be disposed of by trial or by guilty plea. If the court rejects the plea agreement, subsequent plea agreements may be filed with the court, subject to the same requirements that this chapter imposes upon the initial plea agreement.

Ind. Code § 35-35-3-3(b).

[8]     At McClendon's guilty plea hearing, the trial court stated,

> As I've mentioned, you've got plea agreements that have been
> filed but I have not even reviewed them yet. I'll hear some
> evidence today both from the state and the defense. And if I
> believe the plea agreement is reasonable and fair, I'll accept it.
> And then I have to sentence you according to the terms of the
> agreement. If I don't like it because I think it's too harsh or too
> lenient or missing some services that are needed, I can still reject
> the agreement. If I reject the plea agreement after you've already
> pled guilty, what we'd do is we'd put the case back on the trial
> docket. We start over as if you didn't plead guilty and your
> testimony can't be used against you.

Tr. at 5-6. Later in the same hearing, the trial court addressed the parties'
apparent attempt to amend the original plea agreement:

> BY THE COURT: So, before the plea agreement had provided
> for five years executed. Now as amended it's a maximum of
> four.
>
> [DEFENSE COUNSEL]: Judge, we'll have our initials on there.
>
> BY THE COURT: So, I think we're good as amended under
> both provisions. So, the maximum sentence is four years not
> five.
>
> BY MR. MCCLENDON: Okay.
>
> BY THE COURT: Under the changes that we just made today,
> do you understand that Mr. McClendon?

BY MR. MCCLENDON: Yes, sir.

*Id*. at 21.

[9] Two months later, at sentencing, the sentencing cap issue resurfaced as follows:

BY THE COURT: … Caps it at what amount?

BY [THE STATE]: I believe my understanding on this one, the max that we would be arguing on this case was the four years.

BY THE COURT: Alright. We talked about it at the guilty plea I just can't remember what we called. Is that your understanding, sir?

BY MR. MCCLENDON: Yes, sir.

BY THE COURT: Four years was the max?

BY MR. MCCLENDON: Yes sir, that's – those were your exact words, sir.

*Id*. at 25.

[10] As indicated from the transcripts of both hearings, the parties appear to have agreed to amend the aggregate sentence cap, but we see nothing on the face of the plea agreement to bear this out. The record includes only one written plea agreement, file stamped on the date of the guilty plea hearing. Although that document includes some handwritten initialed changes, no alteration was made to the capped sentences for each count. *See* Appellant's App. Vol. 2 at 18 ("Jail 730 + 365 + 365 + 365 … days"). That notation contemplates judgment of

conviction on four separate counts, but the trial court ultimately declined to enter judgment on Counts III and IV, each of which was subject to a 365-day sentence cap. Based on the face of the plea agreement, even after the initialed changes, the sentence cap remained at 730 days for Count I and 365 days for Count II.[1] Consequently, the trial court exceeded the sentence cap for Count II as stated in the plea agreement when it imposed a 730-day sentence on that count.

[11] While the hearing transcripts indicate that the parties intended to amend the original plea agreement, we conclude that there was no "meeting of the minds" concerning the terms as amended. In other words, we are not convinced that McClendon understood whether he was assenting to an amended sentence cap for conviction on all four counts or merely two. Confusion was bound to ensue when the written sentence caps, listed precisely for each separate count and measured in days, were verbally characterized as one overall sentence cap measured in years. When the trial court indicated its intent not to enter judgment of conviction on two of the four counts included in the plea agreement, this necessitated precise attention to the plea agreement's language concerning the sentence caps. Had changes been made specifically, in writing, and initialed by the parties, the plea agreement likely could have been salvaged. Under the circumstances, it cannot. We therefore believe that remand is the

---

[1] With respect to sentencing, only two alterations were made, one specifying court costs of "$183" and the other an initialed change crossing out the word "CONSECUTIVE" after the number of days per count. Appellant's App. Vol. 2 at 18. Though not addressed by the parties on appeal, the latter alteration raises the question of whether the trial court violated the plea agreement by imposing consecutive terms.

only way to ensure that McClendon's guilty plea, if he decides to enter one, is made with complete and precise knowledge of the extent of his sentence exposure. Accordingly, we vacate McClendon's convictions and sentence and remand for further proceedings in accordance with this decision.

[12] Vacated and remanded.

Vaidik, C.J., and Mathias, J., concur.