## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 07 2019, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Darrell McNary
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrell McNary,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

February 7, 2019

Court of Appeals Case No.
71A03-1710-PC-2408

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-1612-PC-42

**Brown, Judge.**

[1] Darrell McNary appeals the denial of his petition for post-conviction relief. He raises one issue which we revise and restate as whether the post-conviction court erred in denying his petition. We affirm.

## Facts and Procedural History

[2] On November 16, 2015, the State charged McNary with: Count I, dealing in cocaine as a level 4 felony; Count II, dealing in cocaine as a level 5 felony; Count III, possession of methamphetamine as a level 6 felony; and Count IV, possession of cocaine as a level 6 felony. On January 19, 2016, McNary and the State entered into a plea agreement in which McNary agreed to plead guilty to Count II, dealing in cocaine as a level 5 felony, and the State agreed to dismiss the remaining charges.

[3] On January 19, 2016, the court held a hearing at which other defendants as well as McNary, who was represented by counsel, were present. The court informed McNary of his trial rights and the process if he did not plead guilty. The court also stated:

> Here's the deal, guys. The lawyers should know this, and the defendants should know it. What is going to happen is I'm going to talk to you about your plea agreements. If I find there's a basis to accept them, I'll take them under advisement. They will be under advisement until March because there will not be any sentencing – any more sentencings set in February. And it will be a different judge that is going to be doing the sentencing on this plea.

Transcript Volume II at 6-7. McNary answered affirmatively when asked if he understood and agreed to that.

[4] Upon questioning by the court, McNary indicated that he had a GED and some college and that he understood clearly what was going on. The following exchange then occurred:

> THE COURT: . . . Whose decision to plead guilty?
>
> MR. MCNARY: Your Honor, it's my decision to plead to this because I want to save the State –
>
> THE COURT: All right.
>
> MR. MCNARY: - time and money.
>
> THE COURT: You want to accept your responsibility?
>
> MR. MCNARY: Yes, because –
>
> THE COURT: Okay. And are you guilty?
>
> MR. MCNARY: Yes, I am, your Honor.

*Id.* at 9. McNary also indicated that he would waive his trial rights. After further discussion, the court asked McNary: "Have I talked you out of your plea?" *Id.* at 15. McNary answered: "No, your Honor." *Id.*

[5] The court asked for a factual basis. Upon questioning by defense counsel, McNary testified that he knowingly delivered cocaine to another individual on November 10, 2015. The court scheduled a sentencing hearing.

[6]     An entry in the chronological case summary ("CCS") dated the same day as the hearing states:

> Hearing Journal Entry (Judicial Officer: Frese, Jerome)
>
> Hearing Date: 01/19/2016
>
> State by DPA Andres. Defendant in custody and represented by Attorney Keller. Defendant advised of rights. Parties file written plea agreement. Defendant advised that due to Judge Frese's retirement another judge will sentence the Defendant. Defendant waives sentencing within thirty days. Defendant moves to have Court accept plea to Count II, Dealing in Cocaine, Level 5 felony. Voluntariness and factual basis found. Court takes motion to enter plea under advisement. Pre-sentence report ordered. Sentencing set for 3-7-16 at 9:00 a.m. Over State's objection, bond modified to $500 full cash. ORDER ENTERED.

Appellant's Supplemental Appendix Volume II at 4. The court also entered an Order on Plea Hearing which stated in part: "Voluntariness and factual basis found. Court takes motion to enter plea under advisement." *Id.* at 26.

[7]     On March 28, 2016, the court held a sentencing hearing. At the beginning of the hearing, the court asked: "What are we doing with Mr. McNary?" Transcript Volume II at 22. McNary's counsel answered: "Judge, this was set over for sentencing." *Id.* The court sentenced McNary to four years in the Department of Correction and recommended Purposeful Incarceration/Therapeutic Community. That same day, the court entered a sentencing order which states that the court "accepts plea unconditionally," entered judgment of conviction on Count II, dealing in cocaine as a level 5

felony, dismissed the remaining counts, sentenced McNary to four years in the Department of Correction, and indicated that it would consider a sentence modification of placement to community corrections should McNary successfully complete Therapeutic Community. Appellant's Supplemental Appendix Volume II at 31.

[8] On December 1, 2016, McNary filed a petition for post-conviction relief. On March 6, 2017, McNary filed a motion for leave to amend his petition for post-conviction relief.

[9] On April 21, 2017, the court held a post-conviction hearing. McNary's trial counsel testified as to his advice regarding the charges, defenses, and the plea agreement. He testified that he discussed the plea agreement multiple times with McNary and advised him of his constitutional and statutory rights. McNary testified in part that the trial court did not advise him or ask him if it was his desire to withdraw the formal plea of not guilty and enter a plea of guilty, that no factual basis existed to accept the guilty plea, that the court did not accept the plea agreement, and the court did not pronounce the judgment of conviction.

[10] On September 27, 2017, the court entered an order denying McNary's petition for post-conviction relief. Specifically, the court concluded that the CCS and the sentencing order indicate that the trial court accepted the plea, McNary indicated that he heard the advisement of rights at trial, and a factual basis was established.

### Discussion

[11] Before discussing McNary's allegations of error, we observe that he is proceeding *pro se*. Such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. We also note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

[12] McNary argues that the post-conviction court erred in finding that he did not prove that the guilty plea and plea agreement were not accepted and that he did not prove that a judgment of conviction was not entered. He asserts that the trial court did not reject or accept any plea of guilty or pronounce any judgment

of conviction at the plea and sentencing hearings. The State argues that the record indicates that the trial court accepted McNary's guilty plea and plea agreement and entered judgment of conviction. It also asserts that McNary's claim that the post-conviction court could not rely on the guilty plea order, sentencing order, and CCS is meritless.

[13] Generally, "[w]hen a defendant pleads guilty, he makes a judicial admission of actual guilt." *Ford v. State*, 570 N.E.2d 84, 87 (Ind. Ct. App. 1991) (citing *Patton v. State*, 517 N.E.2d 374, 375 (Ind. 1987), *reh'g denied*), *trans. denied*. "It has long been the law in this state that no reversible error occurs when a court conducts a hearing at which a guilty verdict is made, does not formally enter judgment on that verdict, but then sentences the defendant." *Id.* (citing *Thompson v. State*, 492 N.E.2d 264, 271-272 (Ind. 1986), *reh'g denied*). The Indiana Supreme Court has held that "[f]ailure to enter judgment prior to sentencing does not constitute error where the defendant is otherwise properly sentenced." *Thompson*, 492 N.E.2d at 272.

[14] McNary entered into a plea agreement in which he agreed to plead guilty to Count II, dealing in cocaine as a level 5 felony. At the plea hearing, the court informed McNary of his rights. McNary indicated that he understood clearly what was going on, stated that it was his decision to plead guilty, indicated that he would waive his trial rights, and testified that he knowingly delivered cocaine to another individual. A CCS entry and order dated the same day as the hearing both indicated that the trial court found voluntariness and a factual basis with respect to the plea and that it would take the matter under

advisement.  On the same day of the sentencing hearing, the court entered a sentencing order which stated that it accepted the plea and entered judgment of conviction on dealing in cocaine as a level 5 felony.  To the extent McNary suggests that the court's CCS entries and orders do not indicate that the trial court accepted the plea agreement, we disagree.  *See Benson v. State*, 780 N.E.2d 413, 420 (Ind. Ct. App. 2002) (holding that the CCS is an official record of the trial court, that the official record shows unequivocally that the trial court had accepted the defendant's guilty plea and entered judgment of conviction, and that the case was distinguishable from *State v. Daniels*, 680 N.E.2d 829 (Ind. 1997), because there was no order book entry in *Daniels* finding Daniels guilty pursuant to the plea agreement and because, unlike in *Daniels*, the trial court, the defendant, and the State behaved as if the court had accepted the guilty plea), *reh'g denied*, *trans. denied*.  We cannot say that the evidence as a whole unerringly and unmistakably lead to a conclusion opposite that reached by the post-conviction court.  *See Ford*, 570 N.E.2d at 87 (rejecting the petitioner's argument that the trial court erred by sentencing him without having formally accepted his guilty plea on the record and observing that the petitioner did not deny his guilt and affirmed several times to the trial court prior to sentencing he was pleading guilty).

## *Conclusion*

For the foregoing reasons, we affirm the post-conviction court's denial of McNary's petition.

Affirmed.

Bailey, J., and Bradford, J., concur.