PEOPLE v. PREHN

ROBBERY—PLEA OF GUILTY—ACCEPTANCE OF PLEA—CRIMINAL INTENT.

　　Acceptance of a plea of guilty of assault with intent to rob while being armed was proper where defendant was charged with armed robbery, the record shows that the plea was freely, knowingly and understandingly made, and the trial court, upon inquiry of defendant, properly ascertained a factual basis for the plea despite defendant's contention that when, at sentencing, he stated he was drinking at the time of the offense he thereby repudiated the necessary element of criminal intent.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 May 4, 1970, at

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 487, 492–495.

Grand Rapids.    (Docket No. 7,569.)    Decided June 25, 1970.

Thomas David Prehn was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*George W. Schudlich (Edward P. Echlin,* of counsel), for defendant on appeal.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

O' HARA, J.    Defendant was charged with armed robbery.    MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).    In the presence of counsel, he pled guilty to the included offense of assault with intent to rob while being armed.    MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

On appeal, defendant refers to the sentencing transcript in which the following colloquy appears:

*"The Court:*    Mr. Prehn, do you have anything to say before I impose sentence?

*"Defendant Prehn:*    Yes, your Honor, I know this is a serious crime but I was drinking at the time and I don't think circumstances show that I meant any malice in it.    *    *    *    I told the guy where I lived, my name, and everything else."

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

Defendant contends that the trial court erred in failing to set aside defendant's plea of guilty *sua sponte* on the ground that the above response repudiated the necessary element of criminal intent. In effect, defendant, having successfully negotiated a plea to the included offense of assault with intent to rob while being armed, now seeks to circumvent his plea which the record reveals was freely, knowingly and understandingly made.

The trial court, upon inquiry of defendant, properly ascertained a factual basis for the plea. *People v. Bartlett* (1969), 17 Mich App 205; *People v. Barrows* (1959), 358 Mich 267. There was no error.

Equally without merit is defendant's allegation, in direct disregard of the record, that he was not properly informed of the possible minimum and maximum sentences for the offense charged.

Affirmed.

All concurred.