PEOPLE *v.* CUBITT

CRIMINAL LAW — PLEA OF GUILTY — INCONSISTENT STATEMENTS —
SETTING PLEA ASIDE.
  The trial judge was not required *sua sponte* to set aside a plea
  of guilty when, at sentencing, defendant made statements in-
  consistent with the statements made by him when plea was
  accepted, where there was no motion to withdraw the plea
  and there was a substantial factual basis for the plea which
  was freely, knowingly and understandingly made in the
  presence of his retained counsel.

Appeal from Kalamazoo, Raymond W. Fox, J.
Submitted Division 3 June 18, 1970, at Lansing.
(Docket No. 7,777.)  Decided July 31, 1970.  Leave
to appeal denied December 31, 1970.  384 Mich 794.

Richard Keith Cubitt was convicted, on his plea
of guilty, of resisting arrest.  Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*
Prosecuting Attorney, and *Stewart D. Fenner, Jr.,*
Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkins,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and
DANHOF, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 504–506.

Per Curiam. The defendant was charged with resisting arrest, MCLA § 750.479 (Stat Ann 1954 Rev § 28.747). The defendant, with retained counsel present, pled guilty to the charge.

The trial judge questioned the defendant and elicited an admission of guilt and a factual basis for the plea in compliance with GCR 1963, 785.3(2) and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). However, at the time of sentencing, the defendnat's statements regarding his actions when arrested were substantially different from when he pled guilty. In fact, they indicated that he had promptly complied with the arresting officer's requests. Defense counsel did not move to withdraw the plea. The defendant was sentenced to a term of one to two years in prison with a recommendation that the maximum be one year.

The issue on appeal is whether the trial judge, having established a factual basis for the plea, should have *sua sponte* set aside the guilty plea when defendant at the time of sentencing made statements inconsistent with the ones made at the time he pled guilty.

There is no longer an absolute right to withdraw a guilty plea before sentencing. It is a matter within the discretion of the trial judge, *People* v. *Fenn* (1970), 23 Mich App 560. The defendant must state a persuasive reason why the withdrawal should be permitted, *People* v. *Zaleski* (1965), 375 Mich 71, 81; *People* v. *Jarvis Green* (1970), 21 Mich App 188. As stated above, in the present case there was no motion to withdraw.

In *People* v. *Prehn* (1970), 24 Mich App 666, the defendant contended that the trial court erred in failing to set aside the guilty plea *sua sponte* on the basis that defendant's statements at the time of sentencing repudiated the necessary element of criminal

intent. This Court affirmed stating that the trial court had properly ascertained a factual basis for the plea and the record revealed that the plea was freely, knowingly and understandingly made.

Similarly, in this case there was a substantial factual basis for the plea which the record shows was freely, knowingly and understandingly made.

Affirmed.