**Jerry BEWLEY, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 49A02–8909–PC–00500.**[1]

Court of Appeals of Indiana, Third District.

June 11, 1991.

---

**1.** N.Y. Vehicle and Traffic Law § 253 (McKinney 1986).

**1.** This case was assigned to this office on May 1, 1991.

John B. Wilson, Jr., Nashville, for appellant.

Linley E. Pearson, Atty. Gen., David M. Sommers, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Jerry Bewley appeals the denial of his petition for post-conviction relief, raising the following two issues for our review:

I. Whether the trial court erred in accepting Bewley's guilty plea over his protestations of innocence.

II. Whether the trial court erred in enhancing the sentences for the crimes to which Bewley pled guilty.

We affirm in part, reverse in part, and remand.

Bewley indicated his intent to plead guilty to rape, robbery and burglary arising out of an incident whereby he and two accomplices entered the apartment of the victim, robbed her and raped her. At the guilty plea hearing, he indicated his disagreement with some of the underlying facts alleged by the State. However, after being questioned by the judge, Bewley indicated that he did not deny that he accompanied his accomplices into the apartment, took some objects from the apartment, and participated in the rape. He also indicated that he still wished to plead guilty.

Prior to sentencing, Bewley voiced his desire to withdraw his guilty plea on the basis that he did not participate in all of the acts alleged by the State. The judge again questioned him at length, and then denied his motion.

Bewley was sentenced to a total of ninety years in prison, but upon his Motion to Reconsider Sentence, the trial court later ruled that all sentences were to run concurrently, reducing Bewley's sentence to a total of fifty years for the three crimes.

Bewley's petition for post-conviction relief was denied, and he appeals.

## I.

### Guilty Plea

Bewley contends that the trial court erred in failing to grant his motion to withdraw his guilty plea, arguing that it is reversible error for a court to accept a guilty plea over a defendant's protestations of innocence.

Initially, we note that the decision whether to grant or deny a motion for withdrawal of guilty plea rests within the sound discretion of the trial court. *Centers v. State* (1986), Ind., 501 N.E.2d 415, 419. Where a trial court denies such a motion, we indulge a presumption in favor of its ruling. *Id.* We will not disturb the ruling where it was based on conflicting evidence; only where the record shows that the trial court has abused its discretion is reversal warranted. *Id.*

The law regarding guilty pleas and protestations of innocence in Indiana has evolved from the case of *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501. There, our supreme court stated:

As we view it, *a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all.* Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation.

(Emphasis added). This rule was modified to some extent by later cases decided by this court, which held that a guilty plea may be accepted by the trial court over the defendant's protestation of innocence, if there is independent evidence showing that he is guilty and if the plea is in the best interest of the defendant. *See, e.g., Anderson v. State* (1979), Ind.App., 396 N.E.2d 960, *reh'g denied.*

In *Anderson,* we relied upon the split decision of *Boles v. State* (1973), 261 Ind. 354, 303 N.E.2d 645 (2–2, Givan, J. not participating), which in dictum expressed approval of the U.S. Supreme Court's decision in *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, where the Court recognized that under the federal constitution, a guilty plea is not defective merely because a criminal defendant denies commission of the crime charged. In 1983, our supreme court repu-

diated *Boles* to the extent that it permitted a trial court's acceptance of a guilty plea while the defendant protested his innocence. *Ross v. State* (1983), Ind., 456 N.E.2d 420. Noting the limited precedential value of *Boles,* and reaffirming the holding in *Harshman,* the *Ross* Court stated:

> The time has come to clearly state the Indiana law on this issue.
>
> We hold, as a matter of law, that a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence *at the same time.* To accept such a plea constitutes reversible error.

(Emphasis added).

Since its holding in *Ross,* our supreme court has declined to extend the rule to bar a guilty plea where the defendant makes an out-of-court unsworn statement maintaining his innocence, *Moredock v. State* (1989), Ind., 540 N.E.2d 1230, *reh'g denied,* or where the defendant initially disputed the facts upon which his plea was based but later assented to the plea. *Frazier v. State* (1986), Ind., 490 N.E.2d 315. However, the rule was extended in *Patton v. State* (1987), Ind., 517 N.E.2d 374, *reh'g denied.*

In *Patton,* our supreme court was faced with the issue of whether a trial court may accept the guilty plea of a capital offense defendant who pleads guilty but protests his innocence at the sentencing hearing prior to sentencing. The supreme court reversed, holding that the *Ross* rule applied to such a case:

> The *Ross* rule, by its language, applies only to defendants who plead guilty and maintain their innocence at the same time. Patton did not protest his innocence at the same time as he pled guilty, but he did firmly contradict his admission of guilt at the sentencing hearing. Although the plea and contradiction were separate in time, the principle of *Ross* must apply to the sentencing hearing in a capital case.

517 N.E.2d at 376. Thus, while extending the *Ross* rule to require the setting aside of a guilty plea where a defendant protests

his innocence at sentencing, the court expressly limited its language to capital cases. *Mayberry v. State* (1989), Ind.App., 542 N.E.2d 1359, 1361, *transfer denied.*

Our next step down this winding path requires us to decide whether a trial court must set aside a guilty plea in a non-capital case when the defendant maintains his innocence at a hearing held after the guilty plea hearing but prior to sentencing. We hold that the trial court, in its discretion, may decline to set aside the plea.

Bewley relies upon the *Patton* decision in arguing that the trial court should have granted his motion to withdraw his guilty plea. We find *Patton* distinguishable from the present case for the simple fact that this is not a capital case. Rather than mandating the same result in this case, *Patton's* language limiting it to capital cases by implication indicates that in non-capital cases, a court may deny a motion for withdrawal of plea after the guilty plea hearing, if it finds that the plea was supported by a sufficient factual basis and was freely, knowingly and voluntarily entered.

The situation in this case is akin to that in *Frazier, supra,* where the supreme court upheld the denial of a challenge to a guilty plea where the defendant initially protested his innocence, but indicated that he was accepting the plea agreement as best for his future. The court indicated that it could not accept the plea on that basis and further questioned the defendant, who finally indicated that the facts were correct and that he still wanted to plead guilty. Despite defense counsel's statement that there was a factual discrepancy, the court accepted the plea. On appeal from a denial of a petition for post-conviction relief, the supreme court concluded that the trial court properly accepted the defendant's plea.

We therefore conclude that the trial court did not abuse its discretion in denying Bewley's motion to withdraw his guilty plea. The court made the following findings:

> Having read a transcript of the guilty plea, the Court is of the opinion that you

were properly advised as to all of your rights at that time, that you likewise indicated that you wished to plead guilty and that you were doing so freely and voluntarily, that there was a factual basis for the Court's finding of guilt even though you, at that time, indicated that you did not participate actively; you did admit that you were there and that you were present. The Court is of the opinion that you now wish to change your plea because you were not satisfied with the sentence that your co-defendant may have received and that is not a reason for withdrawing a plea that was voluntarily given.

Record, p. 99. Thus, the court found that there was an adequate factual basis to support the plea and that the plea was freely and voluntarily entered. We find no error.[2]

## II.

### Sentence Enhancement

The trial court's sentencing statement is as follows:

At this time, the Court having read the presentence investigation and having heard the evidence as to the guilty plea and having received the statement from the victim in this matter, would sentence the Defendant to a period of time as to Count One [burglary], finding that there are aggravating circumstances due to the injury and the fact that Defendant appears to be not remorseful, to a period of time of 40 years; as to Count Two [rape], would find aggravating circumstances and sentence the Defendant to a period of time of 50 years; as to Count Three [robbery], would sentence the Defendant to a period of time of 30 years, and would show that Counts One and Two are to run consecutively and Count Three to run concurrently with Counts One and Two.[3]

Record, p. 102.

■ A trial court's imposition of sentence will be reversed on appeal only upon a showing of a manifest abuse of discretion. *Duvall v. State* (1989), Ind., 540 N.E.2d 34, 36. Bewley argues that the trial court abused its discretion in its assessment of aggravating factors, as lack of remorse may not be used as an aggravating factor when a defendant maintains his innocence, and a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence. Bewley also argues that the trial court erred in failing to find mitigating factors.

■ A fact which comprises a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence, but the particularized individual circumstances may be considered as a separate aggravating factor. *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1201. Proof of "bodily injury" bumps a conviction for burglary from a Class B felony to a Class A felony. IND.CODE 35–43–2–1 (1980). Thus, if the trial court was considering the fact of the injury rather than the circumstances of the crime, it erred in enhancing the sentence based upon this aggravating factor.

■ In enhancing the sentence for the rape conviction, the court also specified lack of remorse and the injury as aggravating factors. Injury, a "circumstance of the crime," is a proper aggravating factor for the rape conviction, which was bumped to a Class A felony because of the use of a deadly weapon, not due to the injury. IC 35–4.1–4–7 (1980); IC 35–42–4–1.

■ With respect to the factor of "lack of remorse," a defendant may protest his innocence at all stages of the criminal proceeding including sentencing. *Serano v. State* (1990), 555 N.E.2d 487, 494, *transfer denied; Dockery v. State* (1987), Ind. App., 504 N.E.2d 291, 297. A lack of remorse by a person who maintains his inno-

---

**2.** We note that this issue was similarly resolved in the Michigan cases of *People v. Prehn* (1970), 24 Mich.App. 666, 180 N.W.2d 644 and *People v. Cubitt* (1970), 25 Mich.App. 643, 181 N.W.2d 573, *appeal den.*

**3.** The trial court later modified the sentence to provide that all counts would run concurrently.

cence must be regarded as a modest aggravator. *Owens v. State* (1989), Ind., 544 N.E.2d 1375, 1379. If the trial court was basing a large part of the 20 year maximum enhancement of the rape sentence on the fact that Bewley was protesting his innocence at the plea withdrawal hearing, it was in error.

Accordingly, we remand to the trial court with instructions to enter a new sentencing order and statement. In all other respects, the judgment is affirmed.

BUCHANAN and SHIELDS, JJ., concur.