**Alfonzo BROOKS, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–
Respondent.**

**No. 49A02–9011–PC–655.**

Court of Appeals of Indiana,
Second District.

Sept. 16, 1991.

Susan K. Carpenter, Public Defender of Indiana and Lorinda Meier Youngcourt, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen. of Indiana and Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

SHIELDS, Judge.

Alfonzo Brooks appeals the denial of his petition for post-conviction relief.

We reverse.

ISSUE [1]

Whether the guilty plea court erred in accepting Brooks's guilty plea after Brooks denied his guilt in open court.

FACTS

Brooks was charged with murder and robbery, a class A felony. Pursuant to a written plea agreement, Brooks pled guilty to the robbery charge and the State dismissed the murder charge. When questioned by the court at the guilty plea hearing, Brooks first denied he participated in the crimes, but then admitted the truthfulness of the State's factual basis which established Brooks's guilt as an accessory. The court took the plea under advisement,

---

1. Because we reverse on this issue, we do not    decide Brooks's other issues.

ordered a pre-sentence investigation report, and set the case for sentencing.

The pre-sentence investigation report recited Brooks "felt he was not guilty of either offense" and pled guilty "because he felt the evidence weighed too heavily against him." Record at 38. At sentencing Brooks raised the subject again. The guilty plea court summarized Brooks's position:

> Well, Mr. Brooks, if I understand you, what you are saying is that you feel that you are taking this deal because you think that it is the best one you can get. And that you are not really guilty but you are pleading guilty anyway because you think more time might be imposed if you were found guilty at a jury trial?

Record at 181–82. Following Brooks's affirmative answer the guilty plea court continued:

> All right, but you still want to take the deal but you want it to on the record that you are maintaining your innocence?

Record at 182. Again, Brooks replied affirmatively. The court then accepted the guilty plea and sentenced Brooks to a twenty year executed sentence.

Brooks's petition for post-conviction relief was denied. He appeals.

### DISCUSSION

■ Brooks claims the guilty plea court erroneously accepted his guilty plea because he protested his innocence at the same time he pled guilty. A judge who accepts a guilty plea from a defendant who maintains his innocence commits reversible error. *Ross v. State* (1983), Ind., 456 N.E.2d 420.

■ As claimed by the State, *Ross* has been modified to some extent. Thus, Brooks's out-of-court protestation is inconsequential. A court need not reject a guilty plea merely because a defendant makes an out-of-court unsworn statement maintaining his innocence. *Moredock v. State* (1989), Ind., 540 N.E.2d 1230. However, our supreme court has yet to modify *Ross* to the extent a protestation of inno-

cence made prior to the acceptance of a guilty plea is similarly inconsequential even with a sufficient factual basis for the plea. Therefore, because Brooks protested his innocence in open court prior to the court accepting his plea at the sentencing hearing, we hold the guilty plea court erred in accepting his plea and hold the post-conviction court erred in not granting him relief.

Judgment reversed and cause remanded with instructions to grant Brooks leave to withdraw his guilty plea.

BARTEAU and BUCHANAN, JJ., concur.