## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 03 2017, 11:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tabitha Lykins-Greene, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 3, 2017 <br><br> Court of Appeals Case No. <br> 78A01-1705-CR-1129 <br><br> Appeal from the Switzerland Circuit Court <br><br> The Honorable W. Gregory Coy, Judge <br><br> Trial Court Cause No. <br> 78C01-1608-F4-306 |

**Bailey, Judge.**

# Case Summary

[1] Tabitha Lykins-Greene ("Lykins-Greene") appeals the trial court's denial of her motion to withdraw her plea of guilty. The only issue she raises is whether the trial court's decision denying her motion was an abuse of its discretion. We affirm.

# Facts and Procedural History

[2] On August 30, 2016, and September 21, 2016, the State charged Lykins-Greene with count I, burglary of a dwelling, as a Level 4 felony;[1] count II, theft, as a Level 6 felony;[2] count III, conspiracy to commit burglary, as a Level 4 felony;[3] count IV, conspiracy to commit theft, as a Level 6 felony;[4] and count V, theft, as a Level 6 felony.[5] These charges were based on allegations that she and her husband, Jonathan Greene ("Jonathan"), had broken into Jonathan's grandmother's house and stolen a crossbow and several firearms. On February 15, 2017, Lykins-Greene entered into a guilty plea wherein she admitted to an amended burglary count as a Level 5 felony, and the State moved to dismiss the remaining counts.

---

[1] Ind. Code § 35-43-2-1(1).

[2] I.C. § 35-43-4-2(a)(1)(B).

[3] I.C. § 35-41-5-2 and I.C. § 35-43-2-1(1).

[4] I.C. § 35-41-5-2 and I.C. § 35-43-4-2.

[5] I.C. § 35-43-4-2(a)(1)(A).

[3] At Lykins-Greene's guilty plea hearing on that same date, the trial court advised her that she had the following rights: 1) a right to a public and speedy trial by jury; 2) a right to face all witnesses against her, and to see, hear, question, and cross-examine them; 3) a right to require witnesses to be present at any hearing or trial and to testify on her behalf; 4) a right to not be forced to make any statement or to testify against herself; 5) a right to remain silent; 6) and a right to have the State prove beyond a reasonable doubt that she committed the charged offenses before she could be found guilty. Lykins-Greene acknowledged, under oath, that she understood all of those rights and that, by pleading guilty, she was giving up all of those rights. Specifically as to the amended Level 5 burglary count, Lykins-Greene acknowledged that she understood that in the event of a trial the State would have to prove beyond a reasonable doubt that she was guilty of that offense, and that by pleading guilty she was admitting to that offense.

[4] Lykins-Greene also confirmed that she had discussed the plea agreement with her attorney and she (Lykins-Greene) had signed it. The trial court then read the entire plea agreement aloud to Lykins-Greene, and Lykins-Greene acknowledged that she understood the agreement. Lykins-Greene confirmed that no one "had forced or threatened [her] or placed [her] or anyone else in fear to get [her] to plead guilty." Tr. Vol. II at 8. Lykins-Greene pled guilty to the charge of burglary as amended, admitted to the factual basis for the charge, and confirmed that her plea of guilty was done "freely and voluntarily." *Id*. at 8-9. The trial court then accepted Lykins-Greene's plea of guilt, took it under

advisement, and set a date for sentencing so that a pre-sentence investigation could be completed.

[5] In a letter to the court dated April 13, 2017 and file-stamped April 20, 2017, Lykins-Greene stated, in relevant part:

> I want to withdraw my current plea I signed on Feb-15-2017. And I want my current lawyer[,] "Mary Jean Shotts[,]" to be removed from my case. I have been forced to make a decision on signing my plea, if I did not sign my plea I was guided by Miss Stotts to believe I would in fact be found guilty and lose my case. Considering I have never been in this situation and I thought my lawyer had my best interest [sic][,] I signed the plea because[,] according to her[,] that was as good as it was going to get for me, which is and was a lie. I had previously made an attempt to discuss the truth [with a] Detective on my case or to reason with the prosecutor that I was innocent[,] but my lawyer lied to me[,] saying they had refused. I even wanted to testify in front of a jury to prove my innocence. But "Mrs[.] Shotts" made countless attempts to keep me from going to trial. … I don't deserve to go to prison for something I did not do. I have and still want to take my case to trial. … I am asking to take my case to trial.
>
> ***
>
> I additionally know my current lawyer[,] "Mary Shotts[,]" has letters in her file to show that I was wanting to testify and prove my innocence. So that can be used to show where I was standing in my case. And that she did[,] in fact[,] mislead me.

Appellant's App. Vol. II at 56. The letter was signed "Sincerely, Tabitha Greene," but it was not verified.

[6] On May 1, 2017, at Lykins-Greene's sentencing hearing, the trial court addressed the request in Lykins-Greene's letter. Because Lykins-Greene indicated that she had reasons for her request in addition to those stated in the letter, the trial court took her sworn testimony on the issue. Lykins-Greene testified that she "originally" had wanted to testify against Jonathan but she "was advised that the prosecutor and court were not willing to negotiate [her] plea if [she were] to testify." Tr. Vol. II at 13. She stated that she wanted to take her case to trial because she was "generally innocent," and did not want to go to prison for something she did not do. *Id.* Lykins-Greene's lawyer ("Shotts") stated to the court that she and Lykins-Greene "went word for word with the plea agreement," and that Shotts believed that Lykins-Greene "fully understood what she was signing." *Id.* at 18.

[7] Citing Indiana Code Section 35-35-1-4, the trial court noted that a defendant must file a verified motion to withdraw a guilty plea rather than just a letter. Based on Lykins-Greene's failure to file such a motion and on her statements at the February 15 plea hearing, the court concluded that she had been fully advised of her rights and had freely and voluntarily pled guilty and admitted to the factual basis of the plea. The trial court denied Lykins-Greene's request to withdraw her guilty plea, accepted the guilty plea, and sentenced her according to the terms of the plea agreement. This appeal ensued.

# Discussion and Decision

[8]     Lykins-Greene's only contention on appeal is that the trial court erred in denying her request to withdraw her guilty plea. This court has recently summarized the applicable law and standard of review in such appeals:

> Indiana Code section 35-35-1-4(b) governs motions to withdraw guilty pleas. In general, after a defendant pleads guilty but before a sentence is imposed, a defendant may move to withdraw a plea of guilty. *Id.* The trial court must permit a defendant to withdraw a guilty plea if it is "necessary to correct a manifest injustice." *Id.* On the other hand, the motion to withdraw the plea should be denied if the plea's withdrawal would substantially prejudice the State. *Id.* In all other cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id.*
>
> We also note that a trial court's ruling on a motion to withdraw a guilty plea "arrives in this court with a presumption in favor of the ruling." *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). We will reverse the trial court only for an abuse of discretion. *Id.* In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at the guilty plea hearing to decide whether the plea was offered "freely and knowingly." *Id.*

*Jeffries v. State*, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012), *trans. denied*. "A defendant has the burden to prove by a preponderance of the evidence and with specific facts that he should be permitted to withdraw his plea." *Gross v. State*, 22 N.E.3d 863, 868 (Ind. Ct. App. 2014), *trans. denied*. And "an appellant

seeking to overturn a trial court's decision [denying the motion to withdraw] faces a high hurdle."[6]  *Id.*

[9]  Initially, we note that Lykins-Greene did not file a written, verified motion to withdraw her guilty plea, as required by statute.  I.C. § 35-35-1-4(b).  A written request to withdraw a guilty plea that is not in the form of a verified motion does not satisfy the requirements of the statute, and "generally results in waiver of the issue of wrongful denial of the request."  *Carter v. State*, 739 N.E.2d 126, 128 n.3 (Ind. 2000) (citing *Flowers v. State*, 528 N.E.2d 57, 59 (Ind. 1988)).  Because Lykins-Green did not file a verified motion to withdraw her guilty plea but only an unverified letter making such a request, she has waived our review of the trial court's denial of that request.

[10]  Waiver notwithstanding, Lykins-Greene failed to carry her burden of proving the denial of her request to withdraw her plea caused a "manifest injustice" or that her plea should be withdrawn for any other "fair and just reason."  *Jeffries*, 966 N.E.2d at 777.  In her letter, Lykins-Greene contended that her lawyer "lied" to her by telling her that a detective and the prosecutor had refused to speak to Lykins-Greene about her alleged innocence and by advising Lykins-Greene that the plea was the best deal she would get.  Appellant's App. Vol. II at 56.  She also claimed that her lawyer "misled" her.  *Id*.  However, she provided no specific facts to support those contentions.  Rather, the evidence

---

[6] When a motion to withdraw a guilty plea is made after sentencing, it is treated as a petition for postconviction relief.  I.C. § 35-35-1-4(c).

shows that both Lykins-Greene's lawyer and the court reviewed the plea agreement, word for word, with Lykins-Greene, after which Lykins-Greene expressly stated that she understood the agreement, that no one had forced her to enter into the agreement, and that she entered into the agreement freely and voluntarily.

[11] Nor are Lykins-Greene's assertions of "general[]" innocence or of having a good defense sufficient to show that acceptance of her guilty plea resulted in a manifest injustice. Tr. Vol. II at 13. "[W]here a trial court has followed the procedures outlined in the guilty plea statutes, and where the defendant's guilty plea is knowing and voluntary, his later assertion of innocence does not require the trial court to set aside his guilty plea." *Carter v. State*, 724 N.E.2d 281, 285 (Ind. Ct. App. 2000), *aff'd*, 739 N.E.2d 126 (Ind. 2000). And, as we have previously held, the existence of a potential defense based only on a defendant's own testimony does not carry the defendant's burden of showing that withdrawal is necessary to correct a manifest injustice, even in the absence of prejudice to the State. *Gipperich v. State*, 658 N.E.2d 946, 949 (Ind. Ct. App. 1995), *trans. denied*. The trial court did not abuse its discretion in denying Lykins-Greene's request to withdraw her guilty plea based on her self-serving claims of innocence and a good defense to the charge.

# Conclusion

[12] The trial court did not abuse its discretion in denying Lykins-Greene's request to withdraw her guilty plea.

[13] Affirmed.

Baker, J., and Altice, J., concur.